769 P.2d 548

**OIL, CHEMICAL & ATOMIC WORKERS INTERNATIONAL UNION, AFL–CIO LOCAL 2–652, Plaintiff Appellant,**

v.

**EG & G IDAHO, INC., an Idaho corporation, Defendant Respondent.**

No. 17040.

Supreme Court of Idaho.

Feb. 8, 1989.

Rehearing Denied March 29, 1989.

McDermott, Zollinger, Box & Olley, Pocatello, McKendree, Toll & Mares, Denver, Colo., for appellant. Karen Yablonski–Toll argued.

Anderson, Pike & Bush, Idaho Falls, for respondent. Joseph C. Burgess argued.

BAKES, Justice.

Oil, Chemical & Atomic Workers International Union (the Union) sued EG & G, Idaho, Inc. (EG & G), to compel arbitration concerning the subcontracting of alleged bargaining unit work. EG & G had previously refused to process grievances filed by the Union, asserting that the United States Department of Energy (DOE), with whom EG & G was under contract, had the sole and absolute authority to determine whether the work in question was Davis–Bacon work and therefore not bargaining unit work. EG & G argued, first, that under the EG & G–DOE contract, which dealt primarily with management, operation and maintenance of DOE facilities at the Idaho National Engineering Laboratory (INEL), EG & G was required to subcontract out Davis–Bacon work: construction or construction-type work. Second, the EG & G–Union working agreement (collective bargaining agreement) reflected this requirement since Davis–Bacon work was excluded from its coverage. The district court agreed with EG & G and dismissed the Union's complaint, holding that any Union grievances concerning DOE's Davis–Bacon work determinations had been negotiated away prior to the adoption of the working agreement. The Union appealed the decision.

Although we find that the DOE specifically the DOE Davis–Bacon Committee, has absolute authority to make the final Davis–Bacon work determinations, there are other matters which are arbitrable under the collective bargaining agreement. Accordingly, this case is reversed and remanded for further proceedings.

## I

EG & G is under contract with DOE to manage, operate and maintain DOE facilities at INEL. This work is performed by EG & G employees, including members of the Union. Article III(B) of the EG & G–DOE contract requires EG & G to "procure by subcontract the construction of new facilities or the alteration or repair of Government facilities." DOE Procurement Regulation 970.2273(b)(1) provides that where a DOE contract does not contemplate the performance by the contractor's employees of work covered by the Davis–Bacon Act (Davis–Bacon work), the contractor is "neither asked nor authorized to perform work within the scope of the Davis–Bacon Act." Davis–Bacon work refers to construction or construction-type work, specifically, the "construction, alteration, and/or repair, including painting and decorating, of public buildings or public works ...," for every government contract in excess of $2,000. 40 U.S.C. § 276a.

The practice between DOE and EG & G involves two committees which review whether particular work is Davis–Bacon work. After considering the nature of the projects, the EG & G Davis–Bacon committee makes its recommendations to the DOE contracting officer, who chairs the DOE Davis–Bacon committee. DOE bears direct responsibility for administration and enforcement of the Davis–Bacon Act concerning DOE contracts. DOE/PR § 9–18.705–50(a). To determine Davis–Bacon coverage, the DOE Davis–Bacon committee applies criteria set forth in DOE procurement regulations. DOE/PR § 9–18.700 et seq.

EG & G and the Union were under a collective bargaining agreement effective May 21, 1985, through May 20, 1988. Dur-

ing the negotiations leading to this agreement, the Union representative sought inclusion of Davis–Bacon work in the collective bargaining agreement, or at least an arrangement for Union input on the determination. The EG & G representative replied that the EG & G–DOE contract barred EG & G and therefore the Union from performing Davis–Bacon work. Further, EG & G took the negotiation position that EG & G had no authority to change the Davis–Bacon determination scheme. The Union apparently acquiesced in EG & G's position, and the collective bargaining agreement (Article 22.12(1)(a) and (d)) provided that bargaining unit personnel shall perform various work except that "which qualifies under Davis/Bacon Act determination as being work for others."

Article 17 of the collective bargaining agreement details the procedure for presenting grievances involving the agreement's application or interpretation. The Union may seek arbitration if unsatisfied with the grievance resolution. Article 17.5. In addition, Article 23.1 provides:

"that should any orders or directives of the DOE conflict with any of the provisions of this Working Agreement such orders or directives shall prevail hereover, but Company and Union shall meet within thirty (30) days to negotiate a mutually satisfactory substitute for the contract clause or practice involved and if unable to reach agreement within the thirty (30) day period, the issue shall be submitted to an impartial arbitrator in accordance with Article XVII, Grievance Procedure."

In December of 1985, the Union presented several grievances to EG & G, disputing determinations by DOE's Davis–Bacon committee. Specifically, the Union contended that EG & G had no right to subcontract work on (1) underground feeders, (2) steam lines, (3) building painting, and (4) hot cell painting. Because these projects were not Davis–Bacon work, the Union argued, EG & G employees, including members of the Union, were entitled to do them. EG & G refused to process the grievances, and the Union sought arbitration.

After EG & G's refusal to arbitrate, the Union sued EG & G seeking enforcement of the working agreement's grievance and arbitration procedure, specifically Articles 17 and 23. The Union argued these four Davis–Bacon determinations were proper subjects for Article 17.5 arbitration, and that the arbitrator, not the court, should decide the proper application and interpretation of Article 22.12 references to Davis–Bacon determinations. Furthermore, the Union argued, DOE does not have absolute authority to make such determinations pursuant to the EG & G–DOE contract, DOE regulations, or otherwise.

The district court disagreed with the Union and dismissed the suit. The district court concurred with EG & G's position that DOE is the final and absolute authority on Davis–Bacon determinations and, because of this, arbitration would be a futile endeavor. The Union's remedy, the court suggested, is to negotiate and convince EG & G "to take a stronger stand in trying to get DOE to redefine the Davis–Bacon work."

On motion for reconsideration, the district court adhered to its dismissal order. As an additional basis for its decision, the district court held that the Union previously negotiated away any future grievance based on a Davis–Bacon determination. Also, "if the Union had any remedy, it would come under Article 23 of the collective bargaining agreement and the Union chose not to seek any remedy under that Article." The district court read Article 23 to provide "that should any [DOE directive or order] conflict with any provisions of the working agreement, such [DOE orders] prevail."

II

■ The primary issue before this Court is whether and to what extent the Union and EG & G must arbitrate differences concerning Davis–Bacon work determinations. A preliminary issue involves the role of the courts: whether the court has jurisdiction and authority to determine the arbitrability of these differences. On this question, there is no dispute. Both parties

cite *AT & T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986), which supports our preliminary holding that the question of arbitrability is a question of law properly decided by the court.

The larger issue remains: what is arbitrable under the parties' collective bargaining agreement? To resolve this issue we turn to federal law, the EG & G–DOE contract, and the collective bargaining agreement.

■ The Union correctly points out a strong presumption in favor of arbitrability for labor disputes because of the "therapeutic" effect that the arbitration process has on the parties and its importance in maintaining labor "peace." It is also true that an arbitration clause in a collective bargaining agreement compels arbitration of disputes arising under that collective bargaining agreement. The converse is also true. Arbitration is not required on issues falling outside the coverage of a collective bargaining agreement. *International Brotherhood of Electrical Workers, Local 1228 v. Freedom WLNE–TV, Inc.*, 760 F.2d 8, (1st Cir.1985). The presumption in favor of arbitrability extends only to issues that can be resolved through arbitration. *First National Maintenance Corp. v. NLRB*, 452 U.S. 666, 101 S.Ct. 2573, 69 L.Ed.2d 318 (1981).

The question then becomes: does DOE have the sole and absolute authority to make Davis–Bacon work determinations, thereby depriving EG & G and the Union from including in their collective bargaining agreement arbitration over disputes about the correctness of DOE determinations? If the collective bargaining agreement cannot be used to address DOE determinations, are there other matters left for arbitration? The answer to both questions is "yes."

Since negotiations began on the collective bargaining agreement, and throughout the course of this lawsuit, EG & G has insisted that it has no authority to make Davis–Bacon determinations and that such authority rests ultimately with DOE. The argument goes as follows: (1) Congress passed the Davis–Bacon Act dealing with the contracting out of construction work on government contracts; (2) DOE procurement regulations do not allow such work to be performed by its contractors; (3) further DOE procurement regulations list the criteria for determining which work is covered by the Davis–Bacon Act and charge DOE with the direct responsibility for administering and enforcing the Davis–Bacon Act as it pertains to DOE contracts; (4) because the responsibility for enforcing Davis–Bacon criteria rests with DOE and not its contractors, it is for DOE to make Davis–Bacon final determinations, not the contractors; (5) consequently, the EG & G–DOE contract provides that EG & G shall subcontract Davis–Bacon work; (6) though the Davis–Bacon determination system provides for EG & G input—through recommendations by the EG & G Davis–Bacon Committee—the final decision rests with DOE; (7) the EG & G–Union collective bargaining agreement reflects EG & G's inability to perform Davis–Bacon work once DOE has made its final determinations; and (8) there is no point for arbitration between EG & G and the Union over matters which neither control.

■ EG & G's argument has merit. DOE Davis–Bacon determinations are clearly the province of DOE under federal law. The presumption of arbitrability cannot withstand the unchallenged authority of the Davis–Bacon Act, 40 U.S.C. § 276a, DOE Procurement Regulations 970.-2273(b)(1) and 9.18.700 *et seq.*, EG & G–DOE Contract Article III(B), and the EG & G–Union Collective Bargaining Agreement Article 22.12(1)(a) and (d). Article 23.1 of the collective bargaining agreement specifically addresses DOE orders and directives which conflict with the collective bargaining agreement, and provides that "should any orders or directives of the DOE conflict with any of the provisions of this Working Agreement such orders or directives shall prevail...." Because neither EG & G nor the Union has any authority to make Davis–Bacon determinations, there can be no conflict leading to arbitration under Article 23.1.

Furthermore, review of DOE Davis–Bacon determinations in this arbitration proceeding, in which DOE is not a party, would undermine the administrative review process provided in federal law. As the Supreme Court of the United States noted in *Universities Research Ass'n v. Coutu,* 450 U.S. 754, 101 S.Ct. 1451, 67 L.Ed.2d 662 (1981):

> "The contracting agency's coverage and classification determinations are subject to administrative review. Prior to the award of a contract, a contractor, *labor* *organization,* or employee may appeal a final agency determination that a project is not covered by the [Davis–Bacon] Act to the Department of Labor." 101 S.Ct. at 1456 (emphasis added).

Given this state of the federal law, and the recognition in the EG & G–Union collective bargaining agreement that the orders and directives of DOE shall prevail in the event of conflict, we agree with the district court's determination that the collective bargaining agreement did not contemplate arbitration over DOE's determinations concerning what work EG & G was required to subcontract pursuant to the Davis–Bacon Act.

■ It is clear, however, that EG & G in fact is involved in Davis–Bacon determinations through its Davis–Bacon committee. Because DOE's Davis–Bacon determinations affect both EG & G and the Union similarly, and because only EG & G officially participates in the decisionmaking process, it is arguably EG & G's duty to its union employees to use its best efforts to get favorable Davis–Bacon determinations. Article 23.1 provides that even if DOE's orders or directives prevail, the "Company and Union shall meet within thirty (30) days to negotiate a mutually satisfactory substitute for the contract clause or practice involved and if unable to reach agreement within the thirty (30) day period, the issue shall be submitted to an impartial arbitrator in accordance with Article XVII, Grievance Procedure." The duty to arbitrate under Article 23.1 of the collective bargaining agreement arguably extends to actions EG & G must take to attempt to obtain more favorable Davis–Bacon deter-

minations for its employees. Accordingly, we remand for arbitration in this area of EG & G's contractual duty to use best efforts to influence DOE rulings even though the arbitrator would have no authority to alter those rulings.

Reversed and remanded for further proceedings. Costs to appellant. No attorney fees on appeal.

BISTLINE and HUNTLEY, JJ., concur.

SHEPARD, C.J., concurs in result.

JOHNSON, Justice, concurring specially.

I reluctantly concur with the decision here to remand for arbitration as to EG & G's contractual duty to use best efforts to influence DOE rulings. My preference would be to remand for arbitration of the grievances filed by the Union.

This case is not about what work is covered by the Davis–Bacon Act. It is about arbitration. As I understand the Union's position, it is not that EG & G subcontracted out work that was not covered by the Davis–Bacon Act, but rather whether EG & G has the right to subcontract out work previously performed by employees covered under the collective bargaining agreement. EG & G lured the district court into litigating the very issue that the Union wishes to arbitrate. Our opinion here falls into the same trap.

The Union asserts that neither article III(B) of the EG & G–DOE contract nor DOE procurement regulation 970.-2273(b)(1), both cited in the lead opinion, dictate that the work that was the subject of the grievances by the Union may not be done by EG & G and that EG & G must subcontract the work. The Union also asserts that the portion of the collective bargaining agreement stating that bargaining unit personnel shall perform certain types of work, "except work which qualifies under Davis/Bacon Act determination as being work for others," does not clearly require subcontracting out work projects determined by DOE to be work covered under

the Davis–Bacon Act. The key factual issue that relates to these assertions was raised in the affidavit of the president of the Union:

> My understanding of the phrase "except work which qualifies under Davis–Bacon Act determination as being work for others" is that, within the meaning of the Davis–Bacon Act, work is required to be paid for at minimum wages set by the [Department of Labor], and if the bargaining unit wage rates do not comply with those rates, then the work could not be performed by them. *The bargaining unit operations and maintenance employees who would have performed the work in the grievances filed ... are, on information and belief, being paid wage rates that meet applicable Davis–Bacon standards.*

Affidavit of Gerald P. Oliver, ¶ 4, Supp.R. 50, 54. (Emphasis added.) This factual allegation was not refuted by EG & G.

In my view, the Union was entitled to arbitrate the questions raised by their grievances. In each of those grievances the Union asserted: "Work that has historically been performed and rightfully belongs to OCAW Local 2–652 has unilaterally been removed from same and been allowed to go to construction under the guise of the Davis–Bacon Act." Exhibits A–D to Affidavit of Gerald P. Oliver, Supp.R. 66–71.

As the Supreme Court made clear almost three decades ago:

> The courts ... have no business weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim. The agreement is to submit all grievances to arbitration, not merely those the court will deem meritorious. The processing of even frivolous claims may have therapeutic values of which those who are not part of the plant environment may be quite unaware.

*Steelworkers v. American Mfg. Co.*, 363 U.S. 564, 568, 80 S.Ct. 1343, 1346–47, 4 L.Ed.2d 1403 (1960).

When requested to enforce an arbitration clause of a collective bargaining agreement, a court "should view with suspicion an attempt to persuade it to become entangled in the construction of the substantive provisions of a labor agreement, even through the back door of interpreting the arbitration clause, when the alternative is to utilize the services of an arbitrator." *Steelworker's v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 585, 80 S.Ct. 1347, 1354, 4 L.Ed.2d 1409 (1960).

The decision of the district court should be reversed and the case be remanded with directions that EG & G be required to carry out arbitration of the grievances filed by the Union. Reluctantly, I concur in the partial relief that is offered by the lead opinion.

SHEPARD, C.J., concurs.