844 P.2d 12

Dennis RATH and Joni R. Rath, Husband and wife; and Dennis Rath, as the Natural Father of, and on Behalf of Chatz D. Rath, Plaintiffs-Respondents-Cross Appellants,

v.

MANAGED HEALTH NETWORK, INC., a California Corporation, Defendant-Appellant-Cross Respondent.

No. 19326.

Supreme Court of Idaho, Boise, November 1992 Term.

Dec. 8, 1992.

Benoit, Alexander, Sinclair, Doerr, Harwood & High, Ketchum, for appellant. Robert M. Harwood, argued.

Risch, Goss, Insinger & Salladay, Boise, for respondent. James E. Risch, argued.

BAKES, Chief Justice.

On August 17, 1990, Dennis and Joni Rath (Rath) filed suit for damages allegedly suffered as a result of Managed Health Network's (MHN) failure to provide coverage under an insurance contract. Upon a motion filed by MHN, the trial court stayed the action to allow arbitration on the issue of coverage, leaving the common law and statutory claims to be tried in state court after arbitration. MHN appealed and the Raths cross appealed. We conclude that the arbitration clause at issue in this case does not apply to the Raths, and therefore the trial court erred in staying the action and ordering arbitration.

At issue on this appeal is the interpretation of a three-party "Group Services Agreement" (Agreement) between MHN, First Interstate Bancorp and Metropolitan Life Insurance Company. The agreement was made to provide insurance coverage for mental health services for the employees of First Interstate Bancorp. Mrs. Rath is an employee of First Interstate Bancorp and requested coverage for mental health services for her son. MHN denied coverage, and when Rath filed this state court action MHN invoked the arbitration provision in Section XXIV of the Agreement, which states:

A. Any Controversy between the parties to this Agreement shall be resolved, to the extent possible, by informal meetings or discussions between the appropriate representative of the parties.

B. Except as set forth herein, in the event the parties are unable to resolve the controversy informally, the parties agree to submit the matter to binding

arbitration under the commercial rules of the American Arbitration Association ("AAA") then in effect. . . .

MHN argues on appeal that under this section "any controversy" between MHN and the Raths is to be resolved through arbitration, and therefore, the trial court should not have limited arbitration solely to the issue of coverage. In their cross appeal, the Raths argue that this section is not applicable to them because they are not "parties" to the Agreement, and therefore the trial court should not have ordered arbitration for any issue in their action.

The determination of whether a contract is ambiguous or not is a question of law over which this Court exercises free review. *Bondy v. Levy*, 121 Idaho 993, 829 P.2d 1342 (1992); *Ramco v. H–K Contractors, Inc.*, 118 Idaho 108, 794 P.2d 1381 (1990). Where the contract is clear and unambiguous, the determination of the contract's meaning and legal effect are questions of law to be decided by this Court. *Bondy v. Levy, supra.*

After reviewing the Agreement, we find it to be unambiguous. We further find that Section XXIV of the Agreement does not apply to the Raths. Section XXIV of the Agreement states that "[a]ny controversy *between the parties to this Agreement*" shall be settled informally, or through arbitration if the parties are unable to settle informally. Although the term "parties" is not defined anywhere within the Agreement, the last page of the Agreement contains the signatures of the parties to the Agreement. The signatories are MHN, First Interstate Bancorp, and Metropolitan Life Insurance Co. The Agreement refers to employees of First Interstate Bancorp, such as the Raths, as "covered enrollees." Nowhere in the Agreement is the word "parties" used to designate "covered enrollee," and such an interpretation would render some other sections of the Agreement meaningless. Reading the Agreement as a whole, we conclude that the Raths are not "parties" to the Agreement as that word is used in the Agreement. *See Bondy v. Levy, supra* (to ascertain intent of the drafters, contract must be viewed as a whole and considered in its entirety); *Morgan v. Firestone Tire & Rubber Co.*, 68 Idaho 506, 201 P.2d 976 (1949) (provisions of a contract are to be read together and harmonized whenever possible).

The trial court held that the Raths were bound by the arbitration provision in the Agreement based on their status as third party beneficiaries. However, the cases relied upon by the trial court are inapposite in the face of the language in the Agreement expressly limiting the arbitration clause to the "parties" to the Agreement. The Raths are not parties to the Agreement as the term is used in Section XXIV, and the trial court erred in ordering the coverage issue to be submitted to arbitration and staying the Raths' suit against MHN.

The order of the district court is reversed. Costs to the Raths. No attorney fees awarded.

BISTLINE, JOHNSON, McDEVITT and TROUT, JJ., concur.