974 P.2d 510

**MONTANE RESOURCE ASSOCIATES, a partnership, Plaintiff–Respondent,**

v.

**Richard and Linda GREENE, husband and wife, Defendants,**

and

**Heber Jacobsen, Defendant–appellant.**

No. 24799.

Supreme Court of Idaho.

Pocatello, October 1998 Term

March 10, 1999.

Lowell N. Hawkes, Chtd., Pocatello, and Woodbury & Hales, P.C., Salt Lake City, Utah, for appellant. David R. Williams argued.

Dial, Looze & May, Pocatello, for respondent. John K. Looze argued.

SCHROEDER, Justice

This is an appeal from a district court's order denying a motion to set aside a default judgment under Rule 60(b)(1) of the Idaho Rules of Civil Procedure (I.R.C.P.). The defendant—appellant, Heber Jacobsen (Jacobsen), claims excusable neglect for not responding to the summons and complaint served on him by plaintiff-respondent, Montane Resource Associates (Montane). The Court reversed the district court by a majori-

ty concurring in the result without a majority agreeing as to the rationale.

## I.

## BACKGROUND AND PROCEEDINGS

Jacobsen purchased a parcel of wooded land in Power County, Idaho (the land), from Richard and Linda Greene (Greenes) in January 1995. Jacobsen leased the land back to the Greenes, giving them an option to repurchase at a later date. It appears that the Greenes contracted with Montane to perform logging services on the land during periods before and after the sale of the land to Jacobsen. On September 1, 1995, Montane recorded a loggers' lien on the land under sections 45–401 through 45–417 of the Idaho Code (I.C.) to secure its claim for payment for services rendered between June 1, 1994, and July 3, 1995. According to the record, Jacobsen did not employ Montane and did not authorize any agreement with Montane to perform services on the land. Jacobsen sold his interest in the land to Mr. and Mrs. Ivan Bingham (Binghams) in the Spring of 1996, expressly subject to Montane's lien.

Montane made a demand on Jacobsen for payment of the amount secured by the loggers' lien. Jacobsen consulted with an attorney who informed Montane's attorney that Jacobsen contested the claim. On February 14, 1996, Montane filed a complaint naming both the Greenes and Jacobsen, seeking foreclosure of the loggers' lien and personal judgment. Jacobsen was personally served with the summons and complaint on April 21, 1996. Although he had an attorney, Jacobsen did not consult his attorney and did not file an appearance or an answer to the complaint. On July 15, 1996, the district court entered a default judgment against Jacobsen in the amount of $15,897.05.[1] Jacobsen filed a motion to set aside the default judgment. The district court denied the motion and Jacobsen appealed.

Jacobsen's appeal was originally heard by the Court of Appeals which in a 2–1 decision

---

1. The amount awarded in the judgment exceeds the amount prayed for in the complaint, but Jacobsen has not raised this question on appeal. Further, the affidavit of amount due sets forth no method of computation or documentation in support of the claim as anticipated by I.R.C.P. 55(b)(1), but this question also has not been presented on appeal.

concluded that the district court did not abuse its discretion in denying the motion to set aside the default judgment. *Montane Resource Assoc. v. Jacobsen*, Docket No. 23744, 1998 WL 214582 (Ct.App. May 4, 1998). Jacobsen filed a timely petition for review under Rule 118 of the Idaho Appellate Rules (I.A.R.), and this Court granted review.

## II.

### STANDARD OF REVIEW

■ "When considering a case on review from the Court of Appeals, this Court gives serious consideration to the Court of Appeals; however, this Court reviews the trial decision directly. This Court is not merely reviewing the correctness of the Court of Appeals' decision; rather, this Court is hearing the matter as if the case were on direct appeal from the district judge's decision." *Northland Ins. Co. v. Boise's Best Autos & Repairs*, 131 Idaho 432, 433, 958 P.2d 589, 590 (1998) (citations omitted).

■ A motion to set aside a default judgment under I.R.C.P. 60(b)(1) "initially presents questions of fact to be determined by the trial court." *Hearst Corp. v. Keller*, 100 Idaho 10, 11, 592 P.2d 66, 67 (1979). In general, the motion is committed to the sound discretion of the trial court. *Clear Springs Trout Co. v. Anthony*, 123 Idaho 141, 143, 845 P.2d 559, 561 (1992).

> Absent clear abuse of that discretion, [this Court] will not overturn the trial court's decision. The trial court will be considered to have acted within its sound discretion on a motion to set aside a default judgment if
>
> (a) the trial court makes findings of fact which are not clearly erroneous, (b) the court applies to those facts the proper criteria under Rule 60(b)(1) (tempered by the policy favoring relief in doubtful cases), and (c) the trial court's decision follows logically from application of such criteria to the facts found.

*Id.* (quoting *Shelton v. Diamond Int'l Corp.*, 108 Idaho 935, 938, 703 P.2d 699, 702 (1985) (quoting *Avondale on Hayden, Inc. v. Hall*, 104 Idaho 321, 326, 658 P.2d 992, 997 (Ct. App.1983))).

## III.

## THE DEFAULT JUDGMENT SHOULD BE SET ASIDE TO THE EXTENT IT INCLUDES PERSONAL LIABILITY BECAUSE JACOBSEN ESTABLISHED A MERITORIOUS DEFENSE AND EXCUSABLE NEGLECT.

■ Jacobsen asserts that the district court abused its discretion when it denied his motion to set aside the default judgment under I.R.C.P. 60(b)(1). Under this rule a party may request relief from a default judgment on the grounds of mistake, inadvertence, surprise, or as Jacobsen claims—excusable neglect. Additionally, the moving party must plead facts which would constitute a meritorious defense to the entry of default. *Hearst Corp.*, 100 Idaho at 12, 592 P.2d at 68.

### A. Meritorious Defense

■ Jacobsen has asserted a meritorious defense to the claim for personal liability, and Montane has not disputed the asserted defense. Normally, little more need be said about this prong, but the nature of the defense bears upon the question of excusable neglect.

■ From the record it does not appear that Montane had a reasonable basis to seek a personal judgment against Jacobsen. It also appears that Montane's sole cause of action was for the payment of logging-related work performed between June 1, 1994, and July 3, 1995, secured by a loggers' lien. The Idaho loggers' lien statutes under Title 45, Chapter 4 of the Idaho Code make no provision for personal liability. Foreclosure of a loggers' lien is an *in rem* action under I.C. § 45–412. In the analogous case of *Pierson v. Sewell*, 97 Idaho 38, 539 P.2d 590 (1975), this Court held that a foreclosure of a mechanics' lien was strictly an action *in rem* and not an *in personam* proceeding. *Id.* at 44, 539 P.2d at 596. A lien claimant is not

entitled to personal judgment against a party for any deficiency which might remain after a foreclosure sale if there is no direct contractual relationship between the parties. *Id.* at 44–45, 539 P.2d at 596–97.

Montane did not dispute the existence of a meritorious defense. Instead, it focused on Jacobsen's non-responsiveness to the service of the summons and complaint. Counsel for Montane made this statement in the proceedings before the district court:

> I have no idea what the legal merits are at this point, because I haven't been able to do any discovery or anything, but that is absolutely immaterial until they first convince this Court that they somehow have some excusable neglect, mistake, surprise, inadvertence.

The nature of a claim for foreclosure of a loggers' lien and the absence of evidence of an agreement between Jacobsen and Montane impact the reasonableness of Jacobsen's failure to respond to the complaint when the allegations of the complaint are analyzed.

## B. Excusable Neglect

Excusable neglect is "conduct that might be expected of a reasonably prudent person under the same circumstances." *Hearst Corp.,* 100 Idaho at 11, 592 P.2d at 67. Jacobsen argues that his actions constituted excusable neglect under this definition, claiming that when he received the complaint he thought that it only sought to foreclose the loggers' lien, not to hold him personally liable for the alleged debt.

The threshold issue is whether the complaint gave Jacobsen clear notice that a personal judgment was sought against him. This issue involves a question of law over which this Court exercises free review, similar to the question of whether a contract is ambiguous or not. *See Rath v. Managed Health Network, Inc.,* 123 Idaho 30, 31, 844 P.2d 12, 13 (1992). A review of the complaint demonstrates that it does not clearly state a claim for money judgment against Jacobsen and that it was reasonable for him to think that all that was sought against him was foreclosure of the loggers' lien.

The complaint makes the following assertions:

1. That Plaintiff and the Defendants, through Richard Green[e], entered into an agreement whereby the Plaintiff provided labor and assistance preparing timber for sale for which the Defendants were to pay for said labor and assistance.

2. The Defendants Dick and Linda Green[e] were married before said labor and assistance was completed and, therefore, the amounts claimed herein are obligations of the community.

3. Plaintiff has made demand upon the Defendants for all amounts owed, but the Defendants have failed to pay said amounts.

4. There now remains past due and owing by the Defendants to Plaintiff the sum of $11,119.99, plus interest through February 13, 1996, in the amount of $744.75, and thereafter at the rate of 10.875%.

5. It has been necessary for the Plaintiff to employ Dial, Looze & May, Chartered, Attorneys at Law, for collection of the amounts due. A reasonable attorney fee, should this matter be uncontested is the sum of $2,500, but should this matter be contested, such other and further amount as the Court deems reasonable. Attorney's fees to be awarded pursuant to I.C. §§ 12–120 & 121 and § 45–413.

6. A Logger's Lien was recorded in Power County on September 1, 1995, as Instrument No. 164143, and notice of the filing of the lien was given to Defendants.

7. Richard Green[e] and Heber Jacobsen are the reputed owners of the Real Property.

8. The Defendants claim some right, title, and interest in the Real Property.

9. The Plaintiff has incurred costs for foreclosure in the sum of $205.67.

While paragraph 1 of the complaint can be read to include Jacobsen, paragraph 2 names as defendants Dick and Linda Greene. Paragraph 3 uses the term "Defendants"

without specifying which persons that includes. Paragraph 4 makes the claim for money due, designating "Defendants." Jacobsen is not named in the body of the complaint until paragraph 7, after the claim for money damages, when reference is made to him as a reputed owner of the real property.

The manner in which the complaint is drawn can lead a reasonable person to different understandings. One, sponsored by Montane, is that it alleges Jacobsen, along with the Greenes, entered into an agreement with Montane to perform services on the land. Another, as understood by Jacobsen, is that the complaint alleged an agreement between the Greenes and Montane for the performance of services by Montane for which the Greenes were liable. The only reason to include Jacobsen was to foreclose any interest he might have in the logs that were subject to the lien. As far as Jacobsen was concerned, he had no reason to contest the complaint. He had no interest in the logs upon which foreclosure was sought. There was no clear assertion that personal liability was sought against him. He would not be prejudiced by a default judgment to foreclose the loggers' lien. He knew in fact that he had no agreement with Montane that would subject him to personal liability. A reasonable reading of the complaint is that it asserts a claim of personal liability against the Greenes and a claim against Jacobsen to foreclose any interest he might have in the logs.

Jacobsen's failure to respond to the complaint and summons was excusable. He did not oppose foreclosure of the loggers' lien, and the complaint did not give unequivocal notice to him that personal judgment was sought against him. At the least, this case is a doubtful one in which relief is favored. *Clear Springs*, 123 Idaho at 143, 845 P.2d at 561.

### IV.

### CONCLUSION

The district court's decision denying Jacobsen's motion to set aside the default judgment is reversed to the extent the judgment awards money damages, attorney fees and costs to Montane. The default judgment as to the loggers' lien remains in effect. Costs are awarded to Jacobsen. No attorney fees on appeal are allowed.

Justice WALTERS CONCURS.

Justice Pro Tem HERNDON, CONCURS IN THE RESULT.

The opinion authored by Justice Schroeder does not look at the "pattern of neglect" identified in *Clear Springs;* instead it determines that Jacobsen's failure to respond is one of those "doubtful cases" where the trial court should favor relief. But the record clearly shows that Jacobsen had been intimately involved in the controversy between Montane and the Greenes. He was represented by counsel throughout negotiations, and understood that the loggers' lien encumbered the property. He had access to an attorney, but took a cavalier attitude about the complaint—the trial court properly found a pattern of neglect. A "reasonably prudent" person, when faced with a complaint and knowledge of the issue in controversy, would attempt to contact his attorney and formulate an answer to the complaint. *See, e.g., Hearst Corp. v. Keller*, 100 Idaho 10, 11–12, 592 P.2d 66, 67–68 (1979). The trial court's conclusion is not an abuse of discretion.

On the other hand, the trial court's decision grants relief to Montane that Montane should not receive. The loggers' lien encumbers the property, and does not trigger Jacobsen's personal liability. Montane acknowledges it cannot seek a judgment against Jacobsen personally for the services it delivered to the Greenes—the record shows no contract between Jacobsen and Montane. As a result, the trial court acted outside the boundaries of its discretion when it entered default against Jacobsen personally.

Justice Pro Tem JOHNSON, DISSENTING.

I respectfully dissent.

The Court's opinion correctly states that the standard of review to be applied is abuse

of discretion as outlined in *Clear Springs Trout Co. v. Anthony*, 123 Idaho 141, 845 P.2d 559 (1992). The opinion, however, does not apply this standard concerning excusable neglect, but instead makes a ruling as a matter of law.

In declining to set aside the default judgment, the trial court made the following findings of fact:

1. Heber Jacobsen received a copy of the Complaint and indicated that he understood it.

2. Heber Jacobsen was represented by counsel and had access to his attorney.

3. Heber Jacobsen took a cavalier attitude and did not resist the judgment being taken.

In my view, there is substantial and competent evidence to support these findings and, therefore, they are not clearly erroneous.

The trial court applied to these facts the appropriate criterion of excusable neglect under I.R.C.P. 60(b)(1), and the trial court's decision follows logically from the application of this criterion to the facts found.

Therefore, I conclude that the trial court did not abuse its discretion.

Chief Justice TROUT, CONCURS.