15 P.3d 1147

**Stanton LEWIS and Nancy Dark, Plaintiffs–Respondents,**

v.

**CEDU EDUCATIONAL SERVICES, INC., and Rocky Mountain Academy, Inc., an Idaho corporation; Northwest Academy, Inc., an Idaho corporation; Ascent; and Boulder Creek Academy, Defendants–Appellants.**

No. 25495.

Supreme Court of Idaho, Coeur d'Alene, October 2000 Term.

Dec. 28, 2000.

Ramsden & Lyons, Coeur d'Alene, for appellants. Michael E. Ramsden argued.

Verby Law Offices and Todd M. Reed, Sandpoint, for respondents. Steven C. Verby argued.

SCHROEDER, Justice

CEDU Educational Services, Inc., Rocky Mountain Academy, Northwest Academy, Ascent, and Boulder Creek Academy (CEDU)[1] appeal from the order denying in part a motion to compel arbitration.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

Nancy Dark (Dark) is the mother of Stanton Lewis (Lewis). CEDU provides educational programs designed for juveniles who have experienced emotional, behavioral, and/or academic problems. Lewis was enrolled in three of these programs: Boulder Creek Academy, Ascent, and Northwest Academy. Boulder Creek Academy is an educational program and division of Rocky Mountain Academy. Ascent is an educational program and division of Northwest Academy. CES acts, at least in part, as a billing company for the programs.

Lewis enrolled at Boulder Creek Academy July 29, 1995. Dark and a representative of Boulder Creek Academy signed the "Student Enrollment Contract" for Lewis to enroll in the Academy. The contract included the following provision:

Any controversy **between the parties arising out of this contract or any breach thereof** and which the parties do not properly adjust and determine to the satisfaction of **the parties hereto** shall be submitted to binding arbitration of the American Arbitration Association in Boundary County, Idaho in accordance with the rules of the American Arbitration Association and

the prevailing party shall be entitled to reasonable costs and attorney fees. Judgments on the award rendered in arbitration may be entered in any court having jurisdiction thereof. (Emphasis added).

On June 6, 1996, Lewis enrolled in Ascent. Dark signed an ASCENT "Participation Admission Contract." The contract contained the following provision:

(D) ARBITRATION PROVISION...Any controversy **between the Parties arising out of this contract or any breach thereof** and which the Parties do not properly adjust and determine to the satisfaction of **the Parties hereto** shall be submitted to binding arbitration of the American Arbitration Association in Idaho in accordance with the rules of the American Arbitration Association in Boundary County, Idaho and the prevailing party shall be entitled to reasonable costs and attorney fees. Judgments on the award rendered in arbitration may be entered in any court having jurisdiction thereof. (Emphasis added).

On December 5, 1996, Lewis enrolled in Northwest Academy. Dark signed a Northwest Academy. "Participant Contract." That contract contains the same provision for arbitration found in the Boulder Creek Academy contract.

On March 31, 1998, Dark and Lewis filed a complaint for injunctive relief and damages, setting forth the following causes of action: (1) breach of contract; (2) common law fraud/misrepresentation; (3) violation of the Idaho Consumer Protection Act; (4) negligence; (5) violation of the Idaho Racketeering Act; and (6) breach of express warranty. CEDU answered and moved to compel arbitration based on the Idaho Uniform Arbitration Act and contract provisions for arbitration. Dark and Lewis moved to stay arbitration based on the grounds that (1) there was no agreement to arbitrate between Lewis and CEDU; (2) there was no agreement to arbitrate between Dark and CES; and (3) the majority of the causes of action arose outside of the contract and are not subject to the contractual provision for arbitration. The district court held that (1)

---

1. The acronym "CEDU" will be used when referring to the appellants (all defendants) and "CES" will be used when referring to the specific appellant, CEDU Educational Services, Inc.

there was a valid and enforceable agreement to arbitrate between the parties to the agreement, but Lewis and CES were not subject to the arbitration agreement because they were not parties to the contract; (2) all causes of action except the claim for breach of express warranty arose from the contract and were therefore subject to arbitration; and (3) litigation was stayed on issues subject to arbitration as between Dark and defendants other than CES, except as to the issue of breach of express warranty. Litigation was not stayed as to the claim by Lewis against CES. CEDU appealed.

## II.

### STANDARD OF REVIEW

 "The question of arbitrability is a question of law properly decided by the court." *Local 2-652 v. EG & G Idaho, Inc.,* 115 Idaho 671, 674, 769 P.2d 548, 551 (1989), *citing AT & T Technologies, Inc. v. Communications Workers,* 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). When questions of law are presented, this Court exercises free review and is not bound by findings of the district court, but is free to draw its own conclusions from the evidence presented. *Mutual of Enumclaw v. Box,* 127 Idaho 851, 852, 908 P.2d 153, 154 (1995), *citing Automobile Club Ins. Co. v. Jackson,* 124 Idaho 874, 876, 865 P.2d 965, 967 (1993).

 The district court in this case found there was a valid agreement to arbitrate. The determinations regarding whether the parties are bound to arbitrate and the arbitrability or severability of issues and decisions surrounding cross motions to compel or stay arbitration are within the discretion of the trial court.[2]

2. I.C. § 7–902(d): "Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this section, or if the issue is severable, the stay may be with respect thereto only."

3. I.C. § 29–101 states that "[a]ll persons are capable of contracting, except minors, persons of

## III.

### THE DISTRICT COURT PROPERLY DENIED CEDU'S MOTION TO COMPEL LEWIS TO ARBITRATE ON THE GROUNDS THAT HE WAS NOT A PARTY TO THE CONTRACT.

CEDU argues that Lewis' claims were subject to arbitration because he was a third party beneficiary of the agreement between his mother and CEDU. CEDU relies upon I.C. § 29–102 which states "[a] contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." CEDU claims that as a third party beneficiary Lewis is a party to the contract, and because he is suing on the contract he is subject to its terms even though he was a minor incapable of contracting at the time.[3] Lewis admits in the complaint that he was a third party beneficiary to the contract.

In *Bantz v. Mutual of Enumclaw Ins.,* 124 Idaho 780, 785, 864 P.2d 618, 623 (1993), the Court held that a third party beneficiary of an insurance policy must comply with all the terms and provisions of the policy, even if that person is not a signatory to the policy. Following the rationale of *Bantz,* CEDU maintains that Lewis is subject to the terms of the contract.

In *Rath v. Managed Health Network, Inc.,* 123 Idaho 30, 844 P.2d 12 (1992), this Court held that if a contract is unambiguous and the person at issue is not a named party to the contract, that person is not subject to the arbitration agreement. *Rath,* 123 Idaho at 31, 844 P.2d at 13. In *Rath,* there existed a three-party "Group Services Agreement" between Managed Health Network (MHN), First Interstate Bancorp and Metropolitan Life Insurance Company. The agreement was made in order to provide insurance coverage for the employees of First Interstate Bancorp. Mrs. Rath was an employee of

unsound mind, and persons deprived of civil rights;" I.C. § 32–103 states that in all cases other than those specified (contracts for necessaries and authorized by statute) "the contract of a minor, if whilst he is an unmarried minor may be disaffirmed by the minor himself, either before his majority or within a reasonable time afterwards. . . ."

First Interstate Bancorp and requested coverage for mental health services for her son. MHN denied coverage. Mrs. Rath filed an action in state court. MHN moved to invoke the arbitration provision of the agreement which stated the following:

> Any controversy between the parties to this Agreement shall be resolved to the extent possible, by informal meetings or discussions between the appropriate representative of the parties.

> Except as set forth herein, in the event the parties are unable to resolve the controversy informally, the parties agree to submit the matter to binding arbitration....

*Rath,* 123 Idaho at 30–31, 844 P.2d at 12–13.

This Court held that the Raths were not parties to the agreement because they were not signatories on the agreement—only MHN, First Interstate Bancorp, and Metropolitan Life Insurance representatives signed the agreement. The agreement referred to an employee covered by the agreement as a "covered enrollee." Nowhere in the agreement was the word "parties" used to designate "covered enrollee". *Id.* This Court stated that "[r]eading the agreement as a whole, we conclude that the Raths are not 'parties' to the Agreement as that word is used in ... Section XXIV...." *Id.* The language of the agreement expressly limited the arbitration clause to "parties" to the agreement. Consequently, the status of the Raths as third party beneficiaries was not controlling given the express language of the agreement.

The district court correctly held that the reasoning in *Rath* is controlling in this case. The contract in *Rath* was between First Interstate Bancorp, Metropolitan Life insurance Co. and Managed Health Network to provide services to First Interstate employees. The arbitration clause in the contract was expressly applicable to the "parties" to the agreement, i.e., the three entities that signed the contract, not the covered employees.

■ The arbitration clause in *Rath* is similar to the clauses present in the contracts in this case which use the same "between the parties" language: "[a]ny controversy *between the parties* arising out of this contract

or any breach thereof and which the parties do not properly adjust and determine to the satisfactions *of the parties hereto* shall be submitted to binding arbitration...." *Rath* determined that if a third party beneficiary did not sign an agreement that compels arbitration as to the parties to the agreement, the third party beneficiary is not bound to arbitrate:

> although as 'covered enrollees' the employees were third-party beneficiaries of agreement, language in agreement expressly limited arbitration clause to 'parties' thereto ... [t]he trial court held that the Raths were bound by the arbitration provision in the Agreement based on their status as third party beneficiaries. However, the cases relied upon by the trial court are inapposite in the face of the language in the Agreement expressly limiting the arbitration clause to the 'parties' to the Agreement. The Raths are not parties to the Agreement as the term is used in Section XXIV, and the trial court erred in ordering the coverage issue to be submitted to arbitration and staying the Raths' suit against MHN.

*Rath,* 123 Idaho at 31, 844 P.2d at 13.

■ CEDU maintains that Lewis is bound to the terms of the contracts because he is in essence suing on the breach of those contracts. *Bantz* illustrates this Court's position that a third-party beneficiary must comply with all the terms and provisions of an agreement to the same extent as they apply to the beneficiary. *Bantz,* 124 Idaho at 785, 864 P.2d at 623. The consent-to-sue provision at issue in *Bantz* was much broader as to its application than the "between the parties" language in *Rath* or the language in the contracts in this case. A third party beneficiary must comply with all of the terms of a contract the third party beneficiary seeks to enforce. However, the third party beneficiary is only bound to the extent those terms apply to him or her. In this case, the arbitration provisions at issue only apply to the contracting parties. Lewis was not a party to the contracts and is not bound by the arbitration provisions.

Alternatively, CEDU points to other jurisdictions which hold that an agreement made

by parents for the benefit of a minor child that contain an arbitration clause requires the minor child's claims be arbitrated. *See Doyle v. Giuliucci*, 62 Cal.2d 606, 43 Cal. Rptr. 697, 401 P.2d 1 (1965), and *Leong v. Kaiser Foundation Hospitals*, 71 Haw. 240, 788 P.2d 164 (1990). *Doyle* and *Leong* deal with malpractice claims made by children of enrollees of health care plans that contained arbitration clauses.

It is not necessary in this case to determine the extent to which minors should or should not be bound to arbitrate disputes arising out of contracts entered into on their behalf by their parents. When this case was filed, Lewis was the age of majority. Lewis ratified the contract as a third party beneficiary by bringing a cause of action alleging its breach, among other claims. Lewis is bound to the terms of those contracts as they apply to him. However, the language of the contracts excludes him from the mandatory arbitration provisions.

## IV.

## THE DISTRICT COURT ERRED IN DENYING CEDU'S MOTION TO COMPEL ARBITRATION REGARDING THE ALLEGED CLAIM OF BREACH OF EXPRESS WARRANTY.

Dark and Lewis alleged a claim for breach of express warranty in count six of the complaint. Dark alleges that after a riot took place at Northwest Academy, an employee orally promised her that Lewis would not be injured and assured his safety if Dark allowed Lewis to stay. Shortly thereafter, Lewis was injured when he was struck in the head by a weapon wielded by another student. The district court ruled that the claim for breach of an express warranty arising out of these events was not subject to arbitration on the basis that the controversy regarding an express warranty for the safety of Lewis and the subsequent injury to him did not arise out the terms of the contract.

CEDU argues that the district court erred in determining that the alleged breach of express warranty was not subject to arbitration. Idaho Code § 7–901 provides that "[a]

written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract." CEDU argues that the alleged express warranty in this case arose out of and relates to the contract and that in construing an arbitration clause "any doubts concerning the scope of the arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

According to this Court, "when a contract is clear and unambiguous, the determination and legal effect of a contractual provision is a question of law to be decided by the court." *Terteling v. Payne*, 131 Idaho 389, 391, 957 P.2d 1387, 1389 (1998). The determination of whether a document is ambiguous is itself a question of law, which the Court resolves by examining the document's relevant provisions to determine whether the contract is reasonably subject to conflicting interpretations. *Terteling*, 131 Idaho at 392, 957 P.2d at 1390, *citing DeLancey v. DeLancey*, 110 Idaho 63, 65, 714 P.2d 32, 34 (1986).

The arbitration clause in the contract provides the following:

> Any controversy between the parties arising out of this contract on any breach thereof and which the parties do not properly adjust and determine to the satisfaction of the parties hereto shall be submitted to binding arbitration. . . .

The contract also makes this provision: "This agreement contains the entire agreement of the parties hereto, and no agreement or promise that is not contained in this contract, made by any party, employee, or agent of the party shall be valid or binding." The claim of breach of express warranty is based on a promise made to Dark by an employee of Northwest Academy. The contract contains a provision that addresses such promises. The claim for the breach of an express warranty arises out of the contract between Dark and Northwest

Academy. Although Dark and Lewis discuss this claim in terms of tort law, breach of express warranty sounds in contract, and this claim is directly related to the terms and provisions within the contract.

The claim for breach of express warranty is subject to arbitration.

## V.

## THE DISTRICT COURT DID NOT ERR IN THE DETERMINATION NOT TO STAY LITIGATION AGAINST CES PENDING THE OUTCOME OF ARBITRATION.

The district court determined that litigation against CES (referred to as CEDU in the district court) would not be stayed because it was not a party to any of the agreements. CEDU argues that I.C. § 7–902(c) permits the court to stay arbitration "if an issue referable to arbitration under the alleged agreement is involved in an action or proceeding pending in a court. . . ." This statute closely parallels Section 3 of the Federal Arbitration Act, which permits a court to stay any suit brought in any of the courts of the United States upon any issue referable for arbitration. *American Home Assurance Co. v. Vecco Concrete Construction Co.,* 629 F.2d 961, 963–964 (4th Cir.1980).

CEDU claims CES is a mere billing agent for the other entities, with a very limited role in the dispute. Because the district court already ordered arbitration on many of the issues, CEDU argues that any action regarding CES should be stayed.

[redacted] While there are instances in which a district court may elect to stay litigation pending the outcome of arbitration between other parties, there is no requirement that it do so. There is no written agreement to arbitrate between CES and Dark or Lewis. Consequently, there is no basis to compel arbitration as to the claims of Dark and Lewis and CES. The district court elected not to stay litigation pending the outcome of arbitration between the parties with arbitration agreements. There is no error in that decision.

## VI.

## CONCLUSION

The decision of the district court is affirmed except as to the determination that the claim for breach of an express warranty is not subject to the arbitration agreement. The case is remanded for inclusion of that claim in the arbitration. Each party prevailed in part. No costs or attorney fees are allowed.

Chief Justice TROUT, and Justices SILAK, WALTERS, and KIDWELL CONCUR.