15 P.3d 1153

**Ronald ACCOMAZZO and Marsha Accomazzo, husband and wife, and Kevin Accomazzo, Plaintiffs–Respondents,**

v.

**CEDU EDUCATIONAL SERVICES, INC., and Rocky Mountain Academy, Inc., an Idaho Corporation; Northwest Academy, Inc., an Idaho Corporation; Ascent; and boulder creek academy, Defendants–Appellants.**

No. 25494.

Supreme Court of Idaho, Coeur d'Alene, October Term.

Dec. 28, 2000.

Ramsden & Lyons, Coeur d'Alene, for appellants. Michael E. Ramsden argued.

Verby Law Office and Todd M. Reed, Sandpoint, for respondents. Steven C. Verby argued.

SCHROEDER, Justice

This case was unofficially consolidated with *Lewis v. CEDU*, (Docket No. 25495), in the district court which wrote a single opinion and order applicable to both cases. The parties are represented by the same counsel in each case. The arguments raised are the same with a few exceptions. Dark and Lewis allege a claim of breach of express warranty, which Accomazzo does not. Accomazzo alleges battery, negligence and violation of Idaho laws relating to children, which Lewis does not. Only the facts and legal conclusions peculiar to this case are set forth in this opinion. For legal conclusions common to both cases reference is made to *Lewis v. CEDU*.

CEDU[1] appealed from the order denying in part its motion to compel arbitration.

I.

## BACKGROUND AND PRIOR PROCEEDINGS

Ronald and Marsha Accomazzo are the parents of Kevin Accomazzo (Kevin). CEDU provides educational programs designed for juveniles who have experienced emotional, behavioral, and/or academic problems. Kevin was enrolled in three of these programs; Rocky Mountain Academy, Ascent, and Northwest Academy. Rocky Mountain Academy is an educational program and division of Rocky Mountain Academy. Ascent is an educational program and division of

---

1. The acronym "CEDU" is used when referring to the appellants (all defendants) and "CES" is used when referring to the specific appellant, CEDU Educational Services., Inc.

Northwest Academy. CES acts, at least in part, as a billing company for the programs.

Kevin originally enrolled at Ascent on April 21, 1995. Ronald Accomazzo signed a "Participant Admission Contract." A representative of Ascent did not sign the contract. The contract included the following provision:

(D) ARBITRATION PROVISION...Any controversy **between the Parties arising out of this contract or any breach thereof** and which the Parties do not properly adjust and determine to the satisfaction of **the Parties hereto** shall be submitted to binding arbitration of the American Arbitration Association in Idaho in accordance with the rules of the American Arbitration Association in Boundary County, Idaho and the prevailing party shall be entitled to reasonable costs and attorney fees. Judgments on the award rendered in arbitration may be entered in any court having jurisdiction thereof. (Emphasis added).

In June of 1995 Kevin transferred to Rocky Mountain Academy. Ronald and Marsha Accomazzo signed a "Student Enrollment Contract." A representative of Rocky Mountain Academy signed the contract. The contract contained the following provision.

Any controversy **between the parties arising out of this contract or any breach thereof** and which the parties do not properly adjust and determine to the satisfaction of **the parties hereto** shall be submitted to binding arbitration of the American Arbitration Association in Boundary County, Idaho in accordance with the rules of the American Arbitration Association and the prevailing party shall be entitled to reasonable costs and attorney fees. Judgments on the award rendered in arbitration may be entered in any court having jurisdiction thereof. (Emphasis added).

In August of 1996, Kevin enrolled in Northwest Academy. Ronald Accomazzo signed a Northwest Academy "Participant Contract." The contract contains the same provision for arbitration found in the Rocky Mountain and Boulder Creek Academy contracts.

On March 31, 1998, the Accomazzos filed a complaint for injunctive relief and damages.

The Accomazzos set forth the following causes of action: (1) breach of contract; (2) common law fraud/misrepresentation; (3) violation of the Idaho Consumer Protection Act; (4) negligence (5) battery, negligence and violation of Idaho laws relating to children; and (6) violation of the Idaho Racketeering Act.

CEDU answered and moved to compel arbitration based on the Idaho Uniform Arbitration Act and contract provisions for arbitration. The Accomazzos moved to stay arbitration upon the following grounds: (1) there was no agreement to arbitrate between Kevin and CEDU; (2) there was no agreement to arbitrate between the Accomazzos and CES; and (3) the majority of the causes of action arise outside of the contract and are not subject to the contractual provisions for arbitration. The district court held that there was a valid and enforceable agreement to arbitrate as between the parties to the agreement. However, Kevin and CES were not subject to the arbitration agreement because they were not parties to the contract. Further, all causes of action *except* the claim for negligence, battery, and violation of Idaho laws relating to children arose from the contract and were subject to arbitration.

The district court stayed litigation on issues subject to arbitration as between the Accomazzos (Ronald and Marsha) and the defendants *other than* CES except as to the issues deemed arising outside the contract. The district court did not stay litigation as to Kevin and CES.

## II.

### STANDARD OF REVIEW

"The question of arbitrability is a question of law properly decided by the court." *Local 2-652 v. EG & G Idaho, Inc.,* 115 Idaho 671, 674, 769 P.2d 548, 551 (1989), *citing AT & T Technologies, Inc. v. Communications Workers,* 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). When questions of law are presented, this court exercises free review and is not bound by findings of the district court, but is free to draw its own conclusions from the evidence presented. *Mutual of Enumclaw v. Box,* 127 Idaho 851,

852, 908 P.2d 153, 154 (1995), *citing Automobile Club Ins. Co. v. Jackson*, 124 Idaho 874, 876, 865 P.2d 965, 967 (1993).

■ The district court in this case found there was a valid agreement to arbitrate. The determinations regarding whether the parties were bound to arbitrate and the arbitrability or severability of issues and decisions surrounding cross motions to compel or stay arbitration are within the discretion of the trial court.[2]

## III.

## THE DISTRICT COURT PROPERLY DENIED CEDU'S MOTION TO COMPEL KEVIN TO ARBITRATION.

■ The district court did not err in denying CEDU's motion to compel Kevin to arbitration on the grounds that, although he is a third party beneficiary to the contract, because of the language of the contract, he is not bound to the arbitration clause. *See Lewis v. CEDU Educational Services*, 135 Idaho 139, 142–144, 15 P.3d 1147, 1150–1152 (Idaho 2000).

## IV.

## THE CLAIMS OF BATTERY, NEGLIGENCE AND VIOLATION OF IDAHO LAWS RELATING TO CHILDREN ARE SUBJECT TO ARBITRATION.

■ The Accomazzos fifth cause of action (battery, negligence and violation of Idaho laws relating to children) is based on allegations of negligent hiring and emotional and physical abuse of students by staff members, including an injury to Kevin which occurred during a counseling session resulting from a physical confrontation with a staff counselor. The Accomazzos contend that this cause of action is not subject to arbitration.

The Northwest Academy Enrollment Contract contains the following waiver provision:
Parent(s)/Guardian(s) hereby voluntarily release and discharge NORTHWEST ACADEMY, INC., its affiliated entities, and its officers, directors, shareholders, employees, attorneys, and agents from any and all claims, demands, actions, suits or proceedings which such parent(s) or guardians(s)the student, or any other parent, relative or next of kin of the participant, may have for any and all injuries, damages, and expenses, *including but not limited to* all personal injuries and illness and all damages to personal and real property, caused by, arising out of, or otherwise related to the participant's admittance at NORTHWEST ACADEMY, INC., the running away and/or the participation in any activity or program conducted by or on behalf of NORTHWEST ACADEMY, INC. (Emphasis added).

This Court has held a "duty owed by one party to another in contract could give rise to a cause of action in tort if the relation of the plaintiff and defendant is such that a duty to take care arises therefrom independently of the contract." *Featherston v. Allstate Ins. Co.*, 125 Idaho 840, 843, 875 P.2d 937, 940 (1994). However, in this case the duty owed to the Accomazzos did arise in the contract. Northwest Academy promised to administer its "program." It can be reasonably implied that the employees of Northwest Academy took measures to effectuate the goals of the Northwest Academy program. Kevin's injury occurred during a counseling session and was caused by a confrontation with a counselor presumably administering that program. What the nature of the program is, what tactics were used by employees, whether the allegations are true or false, or what level of knowledge the Accomazzos had of these activities is not a matter for this Court to decide. The contract contains a provision that serves as a waiver for all personal injuries caused by or otherwise relating to the participants' attending Northwest Academy. The issue was contemplated and agreed to by the parties to the contract.

In order to determine liability and/or damages the arbitrator will necessarily have to determine, taking into account the above waiver, if CEDU will be held liable for its employee causing Kevin's injury. This is not

---

**2.** I.C. § 7–902(d): "Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this section, or if the issue is severable, the stay may be with respect thereto only."

a case where the plaintiff can frame an issue differently in order to circumvent arbitration. The contract specifically addresses those facts alleged in the complaint, and the arbitration clause is sufficiently broad to cover the claims for battery, negligence and violation of Idaho laws relating to children. These claims are subject to arbitration.

## V.

## THE DISTRICT COURT DID NOT ERR IN DENYING CEDU'S MOTION TO STAY LITIGATION AGAINST CES PENDING THE OUTCOME OF ARBITRATION.

The district court did not err in denying CEDU's motion to compel arbitration on the ground that CES was not a party to the agreement to arbitrate. *See Lewis v. CEDU Educational Services,* 135 Idaho 139, 142–144, 15 P.3d 1147, 1150–1152 (Idaho 2000).

## VI.

## CONCLUSION

The decision of the district court is affirmed except as to the determination that the claim of battery, negligence and violation of Idaho laws relating to children is not subject to the arbitration agreement. The case is remanded for inclusion of that claim in arbitration. Each party prevailed in part. No costs or attorney fees are allowed.

Chief Justice TROUT, and Justices SILAK, WALTERS, and KIDWELL Concur.

