**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PEREGRINE FALCON, LLC, a Trustee
of the Peregrine Falcon Leasing Trust and
FAST ENTERPRISES, LLC, a New York
limited liability company,

          Plaintiffs-Appellees,

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PENNSYLVANIA,

          Intervenor-Plaintiff-
          Appellee,

  v.

PIAGGIO AMERICA, INC., a Delaware
corporation,

          Defendant-Appellant,

 and

CHARLIE BRAVO AVIATION, LLC, a
Texas limited liability company,

          Defendant.

No.   16-35773

D.C. No. 1:15-cv-00568-BLW

MEMORANDUM<sup>*</sup>

---

     <sup>*</sup>     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Argued and Submitted April 9, 2018
Seattle, Washington

Before:  HAWKINS, TASHIMA, and GRABER, Circuit Judges.

Piaggio America, Inc. ("Piaggio") appeals the denial of its motion to dismiss for lack of personal jurisdiction or, in the alternative, to compel arbitration with Peregrine Falcon, LLC, and Fast Enterprises, LLC (collectively, "Fast").  We have jurisdiction under 9 U.S.C. § 16.[1]  Reviewing de novo,[2] we affirm.

Personal jurisdiction was correctly exercised over Piaggio.  A court may exercise personal jurisdiction over a nonresident defendant if that defendant has sufficient "'minimum contacts' with the relevant forum such that the exercise of

---

[1] Though the personal-jurisdiction issue is not immediately appealable as of right, we nonetheless exercise pendent appellate jurisdiction to consider it.  *See Meredith v. Oregon*, 321 F.3d 807, 812 (9th Cir. 2003) ("[A]ppellate courts may review rulings that are 'inextricably intertwined' with or 'necessary to ensure meaningful review of' decisions over which we have jurisdiction." (quoting *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 51 (1995))).

[2] *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1067 (9th Cir. 2017) (citing *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 671 (9th Cir. 2012)); *Momot v. Mastro*, 652 F.3d 982, 986 (9th Cir. 2011) (citing *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999)).

jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"[3]

Piaggio agreed to sell the plane knowing that its end user was in Idaho, arranged and paid for flight coverage into and out of Idaho, negotiated amendments with an Idaho entity, delivered the plane to an Idaho entity, and entered into an agreement that envisioned warranty work being carried out in Idaho. Further, Fast's claims relate to these forum-related activities, and Piaggio has failed to "set forth a 'compelling case' that the exercise of jurisdiction would" be unreasonable.[4]

Piaggio's motion to compel arbitration was also correctly denied. The arbitration agreement at issue here applies to "[a]ny controversy or claim between the parties." But Fast is not a party to that agreement; it is a third-party beneficiary. As such, it is not bound to arbitrate its claims against Piaggio. *See Lewis v. CEDU Educ. Servs., Inc.*, 15 P.3d 1147, 1151 (Idaho 2000) (third-party beneficiary not bound to arbitrate if it "did not sign an agreement that compels arbitration as to the *parties* to

---

[3] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[4] *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

the agreement" (emphasis added)).[5]  Nor has Piaggio adequately alleged that Fast

should be equitably estopped from avoiding arbitration.  *See Nicholson v. Coeur

D'Alene Placer Mining Corp.*, 392 P.3d 1218, 1225 (Idaho 2017) (requiring, among

other things, "a false representation or concealment of a material fact with actual or

constructive knowledge of the truth" (quoting *Ogden v. Griffith*, 236 P.3d 1249, 1255

(Idaho 2010))).  As a result, Piaggio cannot compel Fast to arbitrate.

**AFFIRMED.**

---

[5] Piaggio's argument that Florida or Delaware law applies—which it raised for the first time in its reply brief—is waived.  *See Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1213 (9th Cir. 2017) ("We 'will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief.'" (quoting *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of S.F.*, 979 F.2d 721, 726 (9th Cir. 1992))).