JOURNAL ENTRY AND OPINION
Defendant-appellant/cross-appellee Cuyahoga Metropolitan Housing Authority ("CMHA") appeals from the judgment of the trial court awarding plaintiff-appellee/cross-appellant Mac Home Improvement Co., Inc. ("Mac Home") $20,995.19 for Mac Home's breach of contract and prejudgment interest. CMHA assigns the following errors for our review:
 I. [THE TRIAL COURT ERRED IN] AWARDING PREJUDGMENT INTEREST TO THE PLAINTIFF ON THE BASIS OF MONETARY AMOUNTS DETERMINED TO BE APPROPRIATELY CROSS-WITHHELD BY CUYAHOGA METROPOLITAN HOUSING AUTHORITY.
 II. [THE TRIAL COURT ERRED IN] DETERMINING THAT THE AMOUNT OF TWENTY-FOUR THOUSAND EIGHT HUNDRED FIFTY DOLLARS ($24,850.00) WAS OWED UNDER INVOICE NO. 1344 ON THE BASIS OF THE EVIDENCE PRESENTED BY THE PLAINTIFF DURING TRIAL.
In its cross-appeal, Mac Home raises the following assignments of error:
 I. THE COURT ERRED IN CONSIDERING ISSUES OF FACT OR LAW REGARDING THE PAYMENT OF PREVAILING WAGE RATES IN A FEDERALLY FINANCED CONSTRUCTION PROJECT WHEN THE JURISDICTION TO DECIDE THOSE ISSUES IS VESTED EXCLUSIVELY WITHIN THE UNITED STATES DEPARTMENT OF LABOR PURSUANT TO TITLE 29 OF THE CODE OF FEDERAL REGULATIONS PART 5.
 II. THE COURT ERRED IN NOT AFFORDING THE DEPARTMENT OF LABOR INVESTIGATION PRECLUSIVE EFFECT IN A DISPUTE CONCERNING THE PAYMENT OF PREVAILING WAGES IN A FEDERALLY FUNDED CONSTRUCTION PROJECT.
 III. THE TRIAL COURT ERRED IN ONLY AWARDING PREJUDGMENT INTEREST TO PLAINTIFF THROUGH THE DATE UPON WHICH THE DEFENDANT PAID THE MONIES AWARDED IN PLAINTIFFS [SIC] PARTIAL JUDGMENT ON THE PLEADINGS.
For the reasons adduced below, we affirm the judgment of the trial court in part. However, we reverse the judgment of the trial court regarding prejudgment interest and remand the case for further proceedings consistent with this opinion.
 I.
CMHA is a political subdivision created pursuant to R.C.3735.27 et seq. to provide housing for low and moderate income families. The United States Department of Housing and Urban Development ("HUD") provides CMHA with federal funding for its public works projects. Mac Home is a small general contractor, typically employing ten to fifteen employees, specializing in residential repair and remodeling. Mac Home is an Ohio corporation; Anthony Missella is the sole corporate officer and stockholder.
Robert Porter is an architect under contract with CMHA. On August 1, 1994, Porter issued a request for proposal ("RFP") for the interior and exterior painting of the Woodhill Homes project. The RFP contained a provision which stated that "[a]ll work shall be based upon Davis-Bacon Residential Wage Rates." The RFP also incorporated United States Department of Labor/Wages Decision OH91-32, which provided that the prevailing wage for painters was $20.07 per hour (the basic hourly rate of $16.16 plus $3.91 in fringe benefits).
On August 5, 1994, Mr. Missella submitted a bid proposal for the Woodhill Homes project. At trial, Mr. Porter testified that Mac Homes submitted the lowest bid. Mr. Missella testified that CMHA initially awarded the Woodhill Homes project to another contractor, and then approached Mac Home to complete the work. Notwithstanding, on September 19, 1994, CMHA issued purchase order number 024066 to Mac Home for the Woodhill Homes project in the amount of $23,525.00.
Mac Home substantially completed the Woodhill Homes project and, on October 11, 1994, Mac Home submitted an invoice to CMHA for $23,525.00. CMHA paid $14,115.00 to Mac Home for its work on the project, which left an unpaid balance or $9,410.00. In addition, CMHA still owed Mac Home an unpaid balance of $44,537.50 for separate work performed under contracts 94-02-505 and 94-5-533. CMHA has acknowledged that Mac Home paid the prevailing wage pursuant to contracts 94-02-505 and 94-5-533.
Marlene Sepik is employed by CMHA as a labor relations compliance technician. Ms. Sepik investigated complaints CMHA received which indicated that Mac Home had underpaid its painters on the Woodhill Homes project. On August 1, 1995, Ms. Sepik sent a letter to Mr. Missella requesting payroll records and supporting documentation by August 31, 1995. Mac Home provided CMHA with inaccurate payroll records; notwithstanding, CMHA discovered that Mac Home paid $7.00 per hour to its painters on the Woodhill Homes project. As noted above, the prevailing wage for painters was $20.07 per hour.
Ronald Williams is employed by CMHA as the chief of contract administration. On November 20, 1995, Mr. Williams sent a letter to Mac Home stating CMHA's position that Mac Home owed its employees $30,631.53 in restitution based on the prevailing wage rate for painters. CMHA made additional requests for documentation; Mac Home ignored these requests. As a result, CMHA withheld money owed to Mac Home and referred the matter to HUD.
Sharon Stois is employed by HUD as a contractor industrial relations specialist. On March 15, 1996, Ms. Stois sent a letter to CMHA stating in part: "A review of the documentation submitted indicates that Mac Home Improvement underpaid its employees, and owes wage restitution in the amount of $34,254.17." Stois instructed CMHA to disburse the presently withheld funds to the underpaid employees of Mac Home. On or about April 30, 1996, CMHA revised the amount of prevailing wage restitution to $31,356.99; this amount was later revised to $31,786.24.
Douglas Shelby is employed by HUD as the area coordinator. On September 3, 1996, Mr. Shelby sent a letter to Mr. Williams stating:
 * * * There is also a question as to WHO is ultimately responsible for payment of wage restitution (i.e. Mac Home Improvements or CMHA).
 It is HUD's position that the Housing Authority is ultimately responsible for insuring that Davis-Bacon wages are paid where applicable. * * *
HUD and CMHA had requested that the Wage and Hour Division of the Department of Labor make a determination as to whether debarment action against Mac Home was warranted. David Rodenhausen is employed by the United States Department of Labor as an investigator. Mr. Rodenhausen investigated the dispute between Mac Home and CMHA pursuant to 29 C.F.R. § 5.11. Mr. Rodenhausen found that there was no signed contract between Mac Home and either CMHA or HUD and, therefore, "Wage Hour without a signed contract had no authority to enforce the DBRA/CWHSSA." Notwithstanding, CMHA failed to pay the amount it owed Mac Home for the Woodhill Homes project and contracts 94-02-505 and 94-5-533 (in the aggregate amount of $53,947.50).
On April 7, 1997, Mac Home filed a complaint against CMHA in the Cuyahoga County Court of Common Pleas for money due to Mac Home for its performance on the Woodhill Homes project and contracts 94-02-505 and 94-5-533. On July 2, 1997, CMHA filed an answer and counterclaim. In its counterclaim, CMHA asserted that only $48,272.50 remained owing to Mac Home and $31,786.24 of that amount was properly withheld under the prevailing wage laws. CMHA acknowledged that it owed Mac Home the amount of $16,486.26 after subtraction of prevailing wage restitution.
Mac Home filed for judgment on the pleadings and, in a journal entry filed on September 4, 1997, the trial court granted Mac Home judgment on the pleadings in the amount of $16,486.26. The court expressly reserved the issue of prejudgment interest for further consideration.
The case proceeded to a bench trial which commenced on July 14, 1998. Mr. Missella testified on behalf of Mac Home. CMHA presented the testimony of Mr. Porter, Sharon Habat (formerly Sharon Stois), and Ms. Sepik. The evidence demonstrated that CMHA owed Mac Home $53,947.50 under the subject purchase order and contracts. However, prevailing wage issues dominated the trial. Although Mac Home acknowledged that its painters assigned to the Woodhill Homes project were not paid the prevailing wage rate, Mac Home insisted that it was not contractually obligated to pay the prevailing wage rate.
On September 1, 1998, the trial court filed its finding of facts and conclusion of law. The court found that Mac Home was contractually bound to pay the prevailing wages for work performed on the Woodhill Homes project. The trial court awarded Mac Home $52,781.43 on its breach of contract claim.[1] The trial court then set off $31,786.24 (the amount of prevailing wage restitution) against Mac Home's award, and entered judgment in favor of Mac Home in the amount of $20,995.19. Therefrom, the parties have both appealed.
 II.
This appeal is dominated by issues concerning CMHA's withholding of $31,786.24 from Mac Home based upon the allegation that Mac Home failed to pay its employees the prevailing wage during the Woodhill Homes project. Mac Home raises prevailing wage issues in its first and second cross-assignments of error and, because these issues are the crux of this appeal, we will consider Mac Home's cross-assignments of error first.
In its first cross-assignment of error, Mac Home asserts that the trial court erred in determining that Mac Home owed CMHA $31,786.24 for prevailing wage restitution paid by CMHA to Mac Home's employees/painters for work on the Woodhill Homes project. Mac Home contends that the Department of Labor has exclusive jurisdiction over resolution of disputes of fact or law concerning payment of prevailing wage rates.
The Davis-Bacon Act, 40 U.S.C. § 276a et seq., requires contractors on federally assisted construction projects to pay their employees the "prevailing wage" as specified by the United States Department of Labor. "[T]he Davis-Bacon Act provides for an extensive hearing and appeal structure through its implementing regulations." G C Fire Sprinklers, Inc. v.Brandshaw (C.A.9, 1998), 156 F.3d 893, fn. 11, citing29 C.F.R. Part 5.
Resolution of disputes of fact or law concerning payment of prevailing wage rates under the Davis-Bacon Act must be pursued administratively through the Department of Labor, and not through litigation. See 29 C.F.R. § 5.11. See also United States exrel. Glynn v. Capeletti Bros. (C.A.5, 1980), 621 F.2d 1309, 1317
(found that Congress had expressly provided a set of particular administrative remedies under the Davis-Bacon Act); Oil, Chemical Atomic Workers Int'l Union, Local 2-652 v. EG G Idaho, Inc.
(Idaho Sup.Ct. 1989), 769 P.2d 548 (federal agency has exclusive and final authority over Davis-Bacon determinations; arbitration of such determinations "would undermine the administrative review process provided in federal law.").
29 C.F.R. § 5.11(a) provides:
 This section sets forth the procedure for resolution of disputes of fact or law concerning payment of prevailing wage rates, overtime pay, or proper classification. The procedures in this section may be initiated upon the Administrator's own motion, upon referral of the dispute by the Federal agency pursuant to § 5.5(a)(9), or upon request of the contractor or subcontractor(s). (Emphasis added.)
In the instant case, the trial court found that Mac Home was contractually bound to pay the prevailing wage rate on the Woodhill Homes project pursuant to the bid proposal documents.[2] Pursuant to these documents, CMHA had the authority to automatically withhold and disburse funds for wage violations.
When CMHA withheld the prevailing wage rate pursuant to the ancillary documents, Mac Home was required to challenge the withholding administratively pursuant to the procedures set forth in 29 C.F.R. Part 5. Instead, Mac Home filed a breach of contract claim with the court of common pleas and now, ironically, claims that the court did not have authority to make a prevailing wage determination.
The paradox of this assignment of error is that Mac Home in effect requested that the trial court make a prevailing wage determination, viz., that CMHA was not entitled to withhold prevailing wages. Notwithstanding, the trial court appropriately applied the principles of contract law to the underlying case. We find that the trial court did not err in refusing to make a prevailing wage determination because Mac Home was required to pursue its prevailing wage dispute administratively pursuant to29 C.F.R. § 5.11. Accordingly, Mac Home's first cross-assignment of error is overruled.
 III.
As for its second cross-assignment of error, Mac Home claims that the trial court erred in finding that Mac Home was contractually bound to pay the prevailing wage on the Woodhill Homes project. Mac Home notes that the Department of Labor conducted a full investigation and, pursuant to 29 C.F.R. § 5.11
(b)(1), the Department of Labor notified the affected parties of the investigation findings. In its investigation findings, the Department of Labor found that Mac Home was not contractually bound to pay the prevailing wage on the Woodhill Home project. Mac Home insists that the trial court was precluded from revisiting this issue pursuant to the doctrine of res judicata.
CMHA claims that the required prevailing wage language should be implied into the subject purchase order through related documents (namely the request for proposal) or by operation of law. Although the general rule is that statutory and/or regulatory provisions are deemed to be incorporated into contracts, see Norfold Western Ry. Co. v. American TrainDispatchers (1991), 499 U.S. 117, 130-131, the Davis-Bacon Act is an exception to the general rule. See Universities ResearchAssn., Inc. v. Coutu (1981), 450 U.S. 754.
The Department of Labor's investigative findings should have been afforded due credence by the trial court; notwithstanding,res judicata does not apply in this case. Res judicata, whether claim preclusion or issue preclusion, applies to administrative proceedings that: (1) are judicial in nature; and (2) where the parties have had an ample opportunity to litigate the issues involved in the proceeding. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379,381. In the instant case, the administrative investigation by the Department of Labor was not judicial in nature. In addition, CMHA did not have an ample opportunity to litigate its position with the Department of Labor.
We note that the investigation by the Department of Labor was conducted pursuant to 29 C.F.R. § 5.11, which states:
 (a) This section sets forth the procedure for resolution of disputes of fact or law concerning payment of prevailing wage rates, overtime pay, or proper classification. The procedures in this section may be initiated upon the Administrator's own motion, upon referral of the dispute by a Federal agency pursuant to § 5.5(a)(9), or upon request of the contractor or subcontractor(s).
 (b)(1) In the event of a dispute described in paragraph (a) of this section in which it appears that relevant facts are at issue, the Administrator will notify the affected contractor and subcontractor(s) (if any), by registered or certified mail to the last known address, of the investigation findings. * * *
 (2) A contractor and/or subcontractor desiring a hearing concerning the Administrator's investigative findings shall request such a hearing by letter postmarked within 30 days of the date of the Administrator's letter. The request shall set forth those findings which are in dispute and the reasons therefor, including any affirmative defenses, with respect to the violations and/or debarment, as appropriate. (Emphasis added.)
* * *
In the instant case, there was a dispute of fact and law concerning whether Mac Home was contractually obligated to pay prevailing wages for the Woodhill Homes project. CMHA's allegations that Mac Home violated the Davis-Bacon Act were referred to the Department of Labor by HUD pursuant to29 C.F.R. § 5.5(a)(9). After an investigation, the Department of Labor notified Mac Home and CMHA of its findings pursuant to29 C.F.R. § 5.11(b)(1). However, CMHA was not afforded an opportunity to litigate its position; 29 C.F.R. § 5.11(b)(2) et seq.
provides for a hearing and appeal process upon request by the "contractor and/or subcontractor" within 30 days of the date of the Administrator's letter/investigation findings. The regulations do not afford the contracting authority, in this case CMHA, with a hearing and appeal process.
Based upon the foregoing, we find that the doctrine of resjudicata does not apply to the Department of Labor's investigative report. Mac Home's second cross-assignment of error is overruled.
 IV.
In its final cross-assignment of error, Mac Home claims that the trial court erred in calculating prejudgment interest. CMHA also claims, in its first assignment of error, that the trial court miscalculated prejudgment interest.
In its findings of fact and conclusions of law, the trial court failed to explain how it calculated prejudgment interest. The trial court merely stated:
 Based on all of the above, this Court finds that there is due and owing to the Plaintiff the amount of $20,995.19. This number was reached by subtracting the total amount of restitution owed by Plaintiff ($31,786.24) from the total amount still owed to Plaintiff by Defendant for work completed on CMHA project ($52,781.43).
The amount of $52,781.43 was apparently Mac Home's breach of contract award plus interest at the rate of ten percent per annum. However, the court failed to express the rate of interest or the effective dates during which interest was calculated. This court will not review the trial court's prejudgment interest determination by conjecture.
Based on the foregoing, we reverse the trial court's determination of prejudgment interest. On remand, we instruct the trial court to issue an order expressing: (1) the amount of the breach of contract award in favor of Mac Home and against CMHA prior to the calculation of prejudgment interest; (2) the rate of prejudgment interest (presumably 10% per annum); (3) the dates relevant to prejudgment interest, viz., the date of CMHA's breach and the date of the judgment; and (4) the calculated amount of prejudgment interest.
 V.
In its second assignment of error, CMHA argues that the evidence presented at trial was insufficient to support $5,725.00 of Mac Home's breach of contract award. This argument is based upon the testimony of Marlene Sepik, a CMHA employee; Ms. Sepik insists that CMHA paid the $5,675.00 due on invoice number 1344 in 1994. However, Ms. Sepik's testimony conflicted with the testimony of Anthony Missella, president of Mac Home. Mr. Missella testified that there were two separate invoices for $5,675.00, invoice numbers 1291 and 1344. According to Mr. Missella, CMHA paid off invoice number 1291 but failed to pay the money due under invoice number 1344.
"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. The trial court is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony; therefore, an appellate court must afford deference to the findings of the trial court.Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
CMHA insists that we should reject Mr. Missella's testimony because he could not remember the specific work performed under invoice number 1344; CMHA asserts that Mr. Missella's testimony was refuted by the "plain and clear testimony" of Ms. Sepik. However, "[a] case should not be reversed because we may have different opinions about the credibility of the witnesses and the evidence." Driscoll v. Norprop, Inc. (Sept. 3, 1998), Cuyahoga App. No. 72479, unreported.
This court will not usurp the role of the finder of fact in weighing evidence and the credibility of witnesses. Mr. Missella's testimony and invoice number 1344 constituted sufficient evidence to support the judgment of the trial court in this regard. CMHA's second assignment of error is overruled.
We affirm the judgment of the trial court in part. However, we reverse the trial court's calculation of prejudgment interest. This case is remanded to the trial court for further proceedings consistent with this opinion.
The judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is ordered that the defendant-appellant/cross-appellee shall pay its costs herein taxed.
It is ordered that the plaintiff-appellee/cross-appellant shall pay its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J. and JAMES M. PORTER, J. CONCUR.
 __________________________________ LEO M. SPELLACY, JUDGE
[1] Although the trial court does not indicate how it determined the amount of $52,781.43, we assume the trial court arrived at this figure by taking the amount due to Mac Home on its breach of contract claim ($53,947.50) plus 10% interest per annum ($15,320.19) for a total of $69,267.69. The trial court then presumably subtracted the $16,486.26 judgment CMHA had already paid to Mac Home upon partial judgment.
[2] CMHA failed to execute a signed contract with Mac Home for the Woodhill Homes project and, instead, issued a purchase order. Notwithstanding, the trial court found Mac Home to be contractually bound to pay the prevailing wage rate based upon documents related to the bidding process. Mac Home does not directly attack the sufficiency or weight of this finding by the trial court and, therefore, we find the issue waived on appeal.