# IN THE SUPREME COURT OF TENNESSEE
# AT NASHVILLE
April 8, 2004, Session Heard at Charlotte[1]


# LARRY EUGENE BENTON v. THE VANDERBILT UNIVERSITY

**Appeal by Permission from the Court of Appeals, Middle Section**
**Circuit Court for Davidson County**
**No. 99C-1906     Carol L. Soloman, Judge**

---

**No. M2002-00085-SC-R11-CV - Filed June 28, 2004**

---

ADOLPHO A. BIRCH, JR., J., dissenting.

Because I am firmly convinced that Benton cannot be forced into arbitration according to the terms of the contract under submission, I respectfully dissent from the holding of a majority of my colleagues.

The arbitration provision in this case provides that "[i]f a dispute . . . arises <u>between the parties of this Agreement</u> involving a contention by <u>either party</u> that <u>the other</u> has failed to perform its obligations and responsibilities under this agreement" (emphasis added), then after following the proper procedure, the parties shall submit to binding arbitration. The language of this provision clearly indicates that there are two parties bound to this agreement–Vanderbilt and Blue Cross.

In a similar case, <u>Rath v. Managed Health Network, Inc.</u>, the arbitration provision of the contract provided that any controversy "<u>between the parties to this Agreement</u>" shall be submitted to binding arbitration if the parties are unable to settle the controversy informally. 844 P.2d 12, 12-13 (Idaho 1992) (emphasis added). The Idaho Supreme Court held that because the third-party beneficiaries did not sign the contract and were not listed in the contract as "parties," they could not be forced to arbitrate their claims. <u>Id.</u> at 13. The Idaho court held that "the language in the Agreement expressly limit[ed] the arbitration clause to the 'parties' to the Agreement." <u>Id.</u>

I agree with the reasoning in <u>Rath</u>. In the instant case, Benton was not a "party" to the contract; thus, he could not be forced to submit to arbitration. In addition, "[u]nder the Uniform Arbitration Act, the law is clear that persons who are <u>not</u> parties to an arbitration agreement <u>cannot</u> be compelled to participate in arbitration." <u>City of Peru v. Ill. Power Co.</u>, 630 N.E.2d 454, 457 (Ill. App. Ct. 1994).

---

[1]Oral argument was heard in this case on April 8, 2004, in Charlotte, Dickson County, Tennessee, as part of this Court's S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

While I do not suggest that a third-party beneficiary may never be compelled to arbitrate, the language in this contract clearly limits arbitration to the "parties" of the contract. Because Benton was never listed nor referred to in the contract as a "party," he should not be forced into arbitration. "Because 'arbitration is a matter of contract[,] . . . a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" Frizzell Constr. Co. v. Gatlinburg, L.L.C., 9 S.W.3d 79, 84 (Tenn. 1999) (quoting AT & T Techs., Inc. v. Communications Workers of Am., 475 U.S. 643, 648, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986)); see also EEOC v. Waffle House, Inc., 534 U.S. 279, 294, 122 S. Ct. 754, 151 L. Ed. 2d 755 (2002) (recognizing that the Federal Arbitration Act ("FAA") does not require parties to arbitrate when there is no agreement to do so, despite the general federal policy favoring arbitration).

Accordingly, and based upon the foregoing, I am unable to concur in the holding of the majority.

_____
ADOLPHO A. BIRCH, JR., JUSTICE