# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 49637

|  |  |  |
|---|---|---|
| SHAKE OUT, LLC, an Idaho limited liability company, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | Boise, May 2023 Term |
| CLEARWATER CONSTRUCTION, LLC, an Idaho limited liability company, | ) ) ) | Opinion Filed: September 8, 2023 |
| Defendant-Respondent, | ) ) | Melanie Gagnepain, Clerk |
| and | ) ) | |
| JOHN DOES 1-10, and CORPORATIONS XYZ, | ) ) ) | |
| Defendants. | ) ) | |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Twin Falls County. Roger B. Harris, District Judge.

The order of the district court is <u>affirmed</u>.

RandsLaw, PLLC, Twin Falls, for Appellant, Shake Out, LLC. Kirk A. Melton argued.

Peterson Law Office, PLLC, Twin Falls, for Respondent, Clearwater Construction, LLC. John C. Peterson argued.

———————————

STEGNER, Justice.

This appeal concerns the applicability and enforceability of an arbitration clause. Shake Out, LLC ("Shake Out"), entered into a contract with Clearwater Construction, LLC ("Clearwater"), to repair the building Shake Out's restaurant occupies. The relationship between the parties quickly deteriorated, resulting in Shake Out filing a lawsuit against Clearwater. The parties attempted to mediate their dispute but were unsuccessful.

1

After the case had proceeded for some time, Clearwater sought to compel arbitration pursuant to the contract. Shake Out objected, asserting that Clearwater had waived its right to enforce the arbitration clause because it had participated in the litigation for almost ten months before seeking to compel arbitration. The district court concluded Clearwater had not waived its right to seek arbitration and entered an order compelling arbitration and staying the proceedings. For the reasons discussed below, we affirm.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Shake Out is a restaurant in Twin Falls, Idaho. On September 2, 2018, a car crashed into the building housing Shake Out's restaurant, causing extensive damage. About seven months later, Shake Out entered into a contract with Clearwater to repair the restaurant building. Relevant to this appeal, the contract contained the following arbitration clause:

> Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association under its Construction Industry Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

Over the next year and a half, the parties' relationship soured past the point of no return. Shake Out was unhappy with Clearwater's lack of progress on the repairs and increasing construction costs. Shake Out filed suit against Clearwater in district court in Twin Falls County, alleging it had become clear that "Clearwater had performed a shakedown of [] Shake Out in order to obtain as much money and publicity [as] it could out of the arrangement." Shake Out brought four causes of action against Clearwater: (1) violations of the Idaho Consumer Protection Act; (2) fraud; (3) breaches of contract and of the covenant of good faith and fair dealing; and (4) negligence. Shake Out sought attorney fees and demanded a jury trial. Clearwater filed its answer requesting, among other things, that the district court "enforce[] the arbitration clause in the contract[.]"

Litigation commenced. Clearwater responded to Shake Out's first set of discovery requests and a few months later, the parties entered into a stipulation for scheduling and planning with the district court. In discussing the stipulation, counsel for Clearwater, John Peterson, emailed counsel for Shake Out stating that, "[e]ven though I am stipulating to trial dates, I still plan to file a motion to compel arbitration based on the parties' contract. However[,] I would much rather try mediation first and file the motion to compel arbitration only if mediation is unsuccessful." Tyler Rands, an attorney acting on behalf of Kirk Melton (who was counsel for Shake Out but out of the office at

2

the time of the emails), responded, "I understand you're preserving your client's rights to seek to compel an arbitration provision. I feel comfortable, even as a stand in for Kirk, stating that we won't use this scheduling stipulation as some argument that you've waived that ability."

In response, Peterson sent Melton another email, stating:

> I know we discussed a mediation but that got put on the backburner.
>
> What are your clients' thoughts on arbitration? There is an arbitration clause in the contract and Idaho law favors arbitration. I remember we discussed it, but I can't remember your clients' position on the matter. We can still mediate, but I want to get the arbitration issue squared away first.
>
> Let me know if your client is willing to arbitrate this case by this Friday. If not, I will have to file a motion to compel arbitration.

Based on the "read receipt" provided in the record, Melton read the email the following day but never responded to it.

Clearwater moved the district court to compel arbitration approximately ten months after Shake Out filed its complaint. Clearwater argued that all four of Shake Out's causes of action stemmed from the contract and, thus, requested that the district court "order[] that this matter be arbitrated as set forth in the [c]ontract."

Shake Out objected, asserting in relevant part that Clearwater had "waived any right to demand arbitration as a matter of law." Shake Out pointed out that Clearwater had waited almost ten months since the complaint was filed to attempt to compel arbitration. Shake Out also asserted that compelling arbitration would be improper because Clearwater had "clearly submitted to the jurisdiction of" the district court.

A hearing on the motion to compel arbitration was first scheduled for October 25, 2021. Four days before the scheduled hearing, Clearwater filed a notice to vacate the hearing, asserting that "[t]he parties will have mediation on November 9th, 2021." It is unclear from the record whether the parties participated in mediation; nevertheless, it is apparent that any such efforts at mediation, if they did occur, were unsuccessful.

Subsequently, the district court heard arguments on the motion to compel arbitration. Several days later, the district court issued an oral ruling compelling arbitration. The district court reasoned that Clearwater had not only noted the arbitration clause in its answer, but it also attempted to preserve its right to enforce the arbitration clause through multiple emails between the parties' attorneys. The district court determined that Clearwater had not waived its right to

compel arbitration. Accordingly, the district court granted Clearwater's motion to compel arbitration.

Shake Out moved the district court to reconsider its decision, but the district court denied the motion concluding "that the arbitration clause in the construction contract at issue [was] valid and enforceable." The district court further concluded Clearwater had never waived its right to enforce the arbitration clause.

Shake Out subsequently filed a motion seeking certification from the court for purposes of bringing an appeal pursuant to Idaho Rule of Civil Procedure 54(b). The district court entered a partial judgment granting Clearwater's motion to compel arbitration and staying any further proceedings pending arbitration. The district court further certified, pursuant to Rule 54(b), that it "ha[d] determined that there [was] no just reason for delay of the entry of a final judgment" and that the "partial judgment [was] a final judgment upon which execution may issue and an appeal may be taken[.]" Shake Out timely appealed.

## II.     STANDARDS OF REVIEW

In disputes involving questions regarding arbitration, this [C]ourt has stated:

> "The question of arbitrability is a question of law properly decided by the court." *Local 2–652 v. EG & G Idaho, Inc.*, 115 Idaho 671, 674, 769 P.2d 548, 551 (1989), *citing AT & T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 106 S. Ct. 1415, 89 L.Ed.2d 648 (1986). When questions of law are presented, this [C]ourt exercises free review and is not bound by findings of the district court but is free to draw its own conclusions from the evidence presented. *Mutual of Enumclaw v. Box*, 127 Idaho 851, 852, 908 P.2d 153, 154 (1995), *citing Automobile Club Ins. Co. v. Jackson*, 124 Idaho 874, 876, 865 P.2d 965, 967 (1993).

*Lewis v. CEDU Educational Services, Inc.*, 135 Idaho 139, 142, 15 P.3d 1147, 1150 (2000). As for the review of factual findings by the district court, . . . this Court has stated, "[o]ur rule has been that on appeal district court findings of fact will not be overturned unless clearly erroneous." *Loomis, Inc. v. Cudahy*, 104 Idaho 106, 110, 656 P.2d 1359, 1365 (citing I.R.C.P 52(a)).

*Murphy v. Mid-West Nat'l Life Ins. Co. of Tenn.*, 139 Idaho 330, 331, 78 P.3d 766, 767 (2003) (last alteration in original).

"[W]hen reviewing a trial court's decision to grant or deny a motion for reconsideration, this Court utilizes the same standard of review used by the lower court in deciding the motion for reconsideration." *Fragnella v. Petrovich*, 153 Idaho 266, 276, 281 P.3d 103, 113 (2012).

4

### III.    ANALYSIS

**A. The district court correctly concluded that Clearwater had not waived its right to compel arbitration.**

In granting Clearwater's motion to compel, the district court noted that Clearwater initially raised the arbitration issue in its answer. The district court also focused on the fact that, during the emailed discussions in February 2021 regarding the scheduling stipulation, counsel for both parties understood Clearwater was reserving its right to seek arbitration. The district court determined that Clearwater had not waived its right to enforce the arbitration clause, finding the facts in this case to be dissimilar to those in *Hansen v. State Farm Mutual Automobile Insurance Company*, 112 Idaho 663, 735 P.2d 974 (1987). The district court subsequently granted Clearwater's motion to compel arbitration.

In denying Shake Out's motion to reconsider, the district court reaffirmed its decision that Clearwater had not waived its right to seek arbitration. Citing *Hecla Mining Company v. Star-Morning Mining Company*, 122 Idaho 778, 839 P.2d 1192 (1992), the district court explained that "[a] waiver is the intentional relinquishment of a known right." The district court found that Clearwater had reserved its right to seek arbitration if mediation discussions fell through. The district court further reasoned that, even if Clearwater had waived its right to seek arbitration, "Shake Out ha[d] not demonstrated that it relied upon the alleged waiver and/or that it altered its position accordingly." The district court again noted that the facts here were "quite different" from those in *Hansen* and emphasized the importance that counsel for both parties understood Clearwater was reserving its right to seek arbitration. Accordingly, the district court denied Shake Out's motion to reconsider.

On appeal, Shake Out argues that the district court erred in granting Clearwater's motion to compel arbitration as well as in denying Shake Out's motion to reconsider because Clearwater had waived its right to compel arbitration. Shake Out explains that Clearwater participated in the litigation process for ten months by "engag[ing] in discovery (including a meet and confer process)" and "participat[ing] in discussions about mediation." Shake Out alleges "Clearwater expressly stated it intended to conduct discovery before mediation and would try to compel arbitration if mediation [were] unsuccessful, i.e.[,] after testing the waters to see if litigation would be favorable and bailing on the process if it was proving not to be advantageous." Shake Out argues that the proper inquiry before the district court was whether "the moving party had subjected itself

5

to the jurisdiction and proceeded with at least some litigation in the state court before seeking arbitration."

Clearwater responds that Idaho Code section 7-901 controls the waiver analysis. Clearwater argues that "under the plain language of the statute, an arbitration agreement or arbitration provision is treated like any other agreement or contractual provision[,]" and is, therefore, subject to a traditional waiver analysis. Thus, Clearwater contends that this Court should look to case law regarding the waiver of contractual provisions and apply that traditional test to arbitration provisions, which requires an intent to waive and reliance by the opposing party on the purported waiver.

This dispute centers around the nature of an arbitration clause: Shake Out contends the arbitration clause grants the parties a right that should be governed by procedural rules promulgated by the judicial branch. On the other hand, Clearwater maintains the right to arbitrate is a contractual right that should be governed by statute.

The right to seek arbitration is a contractual right. Idaho Code section 7-901 provides in relevant part:

> A written *agreement* to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any *contract*.

(Italics added.) Like the plain language of section 7-901, this Court has referred to arbitration clauses as *agreements* to arbitrate. *See, e.g.*, *Loomis, Inc.*, 104 Idaho at 109, 656 P.2d at 1362 ("[W]e hold that the inquiry must be limited in scope—is there an agreement to arbitrate or is there not."). The Supreme Court of the United States has likewise discussed the right to arbitration as a contractual right. *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713 (2022) ("That analysis applies to the waiver of a contractual right, as of any other.").

Under this Court's jurisprudence, the validity of an agreement to arbitrate disputes is treated in the same manner as the validity of any other contract: "[T]he validity of either a contract to arbitrate or an arbitration provision in a contract must be determined under contract defenses that are generally applicable to all contracts." *Lovey v. Regence BlueShield of Idaho*, 139 Idaho 37, 41, 72 P.3d 877, 881 (2003).

We hold that, contrary to Shake Out's argument, this Court's case law is in line with the standard set forth by statute: An agreement to arbitrate is "valid, enforceable and irrevocable, save

upon such grounds as exist at law or in equity for the revocation of any contract." I.C. § 7-901. Because the right to compel arbitration is a contractual right and Idaho Code section 7-901 aligns with this Court's jurisprudence, the district court did not err in concluding that Clearwater did not waive its contractual right to compel arbitration.

Furthermore, we hold that the correct waiver test to apply to arbitration agreements is the traditional waiver test applied in contract disputes rather than the arbitration-specific waiver test advanced by Shake Out. Instead, contract defenses that apply to arbitration agreements are the same "contract defenses that are generally applicable to all contracts." *Lovey*, 139 Idaho at 41, 72 P.3d at 881.

Notably, the United States Supreme Court recently considered this issue and concluded an arbitration-specific waiver test would be improper. In *Morgan*, the United States Supreme Court reviewed the Eighth Circuit's use of an arbitration-specific waiver test in which prejudice was required in order to waive the arbitration provision: "Under that Circuit's test, a party waives its contractual right to arbitration if it knew of the right; 'acted inconsistently with that right'; and— critical here—'prejudiced the other party by its inconsistent actions.'" 142 S. Ct. at 1712 (quoting *Erdman Co. v. Phoenix Land & Acquisition, LLC*, 650 F.3d 1115, 1117 (8th Cir. 2011)). The Supreme Court explained that "[t]he prejudice requirement . . . is not a feature of federal waiver law generally." *Id.* The Supreme Court continued:

> Outside the arbitration context, a federal court assessing waiver does not generally ask about prejudice. Waiver, we have said, "is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (internal quotation marks omitted). To decide whether a waiver has occurred, the court focuses on the actions of the person who held the right; the court seldom considers the effects of those actions on the opposing party. That analysis applies to the waiver of a contractual right, as of any other. . . . So in demanding that kind of proof before finding the waiver of an arbitration right, the Eighth Circuit applies a rule found nowhere else—consider it a bespoke rule of waiver for arbitration.

*Id.* at 1713. Recognizing that the Federal Arbitration Act ("FAA") has a "policy favoring arbitration" (as does Idaho's Uniform Arbitration Act), the United States Supreme Court nevertheless held that the fact that the issue being presented involved arbitration "[did] not authorize federal courts to invent special, arbitration-preferring procedural rules." *Id.* Instead, "a court must hold a party to its arbitration contract just as the court would to any other kind." *Id.* "But a court may not devise novel rules to favor arbitration over litigation." *Id.* "The policy is to

make 'arbitration agreements as enforceable as other contracts, but not more so.'" *Id.* (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 n.12 (1967)). Thus, "[i]f an ordinary procedural rule—whether of waiver or forfeiture or what-have-you—would counsel against enforcement of an arbitration contract, then so be it." *Id.* The United States Supreme Court ultimately held that the FAA does not "authorize[] federal courts to create such an arbitration-specific procedural rule" and instructed that the traditional tests must be used. *Id.* at 1711, 1714.

As discussed above, the right to arbitration is a contractual right. Therefore, arbitration clauses are subject to traditional contract principles, such as waiver and forfeiture. Accordingly, the correct test to apply to an arbitration agreement is the traditional test rather than an arbitration-specific test.

Under Idaho law, the traditional doctrine of waiver is an equitable one, "based upon fairness and justice." *Eagle Springs Homeowners Ass'n, Inc. v. Rodina*, 165 Idaho 862, 870–71, 454 P.3d 504, 512–13 (2019) (quoting *Hecla Mining Co.*, 122 Idaho at 782, 839 P.2d at 1196). Waiver "is 'a voluntary, intentional relinquishment of a known right or advantage[.]'" *Id.* at 871, 454 P.3d at 513 (quoting *Pocatello Hosp. v. Quail Ridge Med. Inv., LLC*, 156 Idaho 709, 719, 330 P.3d 1067, 1077 (2014)). Unlike federal law, Idaho law has historically required detrimental reliance in order for a party to succeed in asserting waiver: "The 'party asserting waiver must have acted in reliance upon the waiver and altered the party's position.'" *Id.* (quoting *Hecla Mining Co.*, 122 Idaho at 782, 839 P.2d at 1196).

Applying Idaho's traditional waiver test to the facts here (which was the only challenge presented in this case), we hold the district court correctly concluded that Clearwater had not waived its right to enforce the arbitration clause. Clearwater did not voluntarily and intentionally relinquish its right to seek arbitration. Instead, the opposite occurred. As noted by the district court, Clearwater continually expressed its interest in preserving its right to seek arbitration. In emails discussing the scheduling stipulation Clearwater's counsel stated: "Even though I am stipulating to trial dates, I still plan to file a motion to compel arbitration based on the parties' contract. However[,] I would much rather try mediation first and file the motion to compel arbitration only if mediation is unsuccessful." Shake Out's counsel responded, "I understand you're preserving your client's rights to seek to compel an arbitration provision. I feel comfortable, even as a stand in for Kirk, stating that we won't use this scheduling stipulation as some argument that you've waived that ability."

8

While Clearwater took its time in deciding to seek arbitration, it never promised or otherwise led Shake Out to believe that it would *not* seek arbitration. Accordingly, we affirm the district court's conclusion Shake Out has not demonstrated that Clearwater waived its right to enforce the arbitration clause.

That being said, we caution parties seeking to assert their right to arbitration to do so in a timely manner. *See Horton v. Horton*, 171 Idaho 60, 69, 518 P.3d 359, 368 (2022) (warning "the bar and the bench [regarding] the best practice moving forward"). The role of arbitration in relation to the courts is clear—to provide *speedy* alternate resolution of disputes. *Loomis, Inc.*, 104 Idaho at 111, 656 P.2d at 1364 ("One of the principal attributes of the arbitration process is that it promotes a speedy resolution of controversies."); I.R.C.P. 1(b) (explaining that the Idaho Rules of Civil Procedure "should be construed and administered to secure the just, speedy and inexpensive determination of every action and proceeding").

Disputes should have speedy resolutions whether in front of a judge or an arbitrator. *See* IDAHO CONST. art. I, § 18 ("Courts of justice shall be open to every person, and a speedy remedy afforded for every injury of person, property or character, and right and justice shall be administered without sale, denial, delay, or prejudice."); *see also* I.R.P.C. 1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client."). A party who delays asserting its contractual right of arbitration after initiating court proceedings does so at its own risk. Stated another way, asserting the right to compel arbitration must be done in a timely manner or it may lead to forfeiture of the contractual right of arbitration. *See Hansen*, 112 Idaho at 670–71, 735 P.2d at 981–82 (affirming a district court's order denying a motion to compel arbitration where the party failed to assert its right to arbitration in a timely manner). The best practice moving forward is to assert the contractual right to arbitration before actively engaging in court proceedings. Once court proceedings begin, the utility of arbitration begins to decline.

In sum, we hold that Clearwater did not waive its right to enforce the parties' arbitration clause.

### B. Neither party is entitled to attorney fees on appeal.

Both parties seek attorney fees on appeal pursuant to Idaho Code section 12-121, Idaho Code section 12-120(3), and the contract between the parties.

We conclude that neither party is entitled to attorney fees pursuant to Idaho Code section 12-121. Section 12-121 provides: "In any civil action, the judge may award reasonable attorney's

9

fees to the prevailing party or parties when the judge finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation." After considering the parties' arguments, we conclude that neither party acted frivolously, unreasonably, or without foundation. Accordingly, neither party is entitled to attorney fees under section 12-121.

Additionally, we decline to award attorney fees pursuant to Idaho Code section 12-120(3) at this stage of the proceedings because the parties have yet to litigate their dispute on its merits. Both parties agree that this case arises out of a commercial transaction pursuant to Idaho Code section 12-120(3):

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.
>
> The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes. The term "party" is defined to mean any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.

Idaho Code section 12-120(3) allows the "prevailing party" in "any civil action" to seek attorney fees. Idaho Rule of Civil Procedure 54(d)(1)(B) controls the prevailing party definition, stating, "[i]n determining which party to an action is a prevailing party and entitled to costs, the trial court must, in its sound discretion, consider the final judgment or result of the action in relation to the relief sought by the respective parties." In this case, neither party is the ultimate prevailing party because the dispute will continue to arbitration and ultimately establish a final result after which attorney fees may then be assessed by the district court. *See Wadsworth Reese, PLLC v. Siddoway & Co.*, 165 Idaho 364, 370, 445 P.3d 1090, 1096 (2019) (explaining that the prevailing party analysis should take place after the case has been fully arbitrated, not simply after a motion to compel has been granted). Thus, it would be premature to award attorney fees at this time.

Finally, we hold that neither party is entitled to attorney fees pursuant to the contract between the parties. The contract provides that "[i]n the event of any arbitration or litigation relating to the project, project performance or this contract, the prevailing party shall be entitled to reasonable attorney fees, costs and expenses." By its plain language, the contract applies to both civil litigation and arbitration proceedings. Accordingly, the determination of the "prevailing party" would, again, be premature at this juncture because the litigation will continue to arbitration.

10

### IV.  CONCLUSION

We affirm the district court's order compelling arbitration because Clearwater did not waive its contractual right to arbitration. Still, we emphasize that the best practice is to assert the right to arbitration immediately after litigation is commenced, otherwise it may be waived or forfeited. Neither party is entitled to attorney fees on appeal because it would be premature to determine a prevailing party at this juncture. However, as the prevailing party on appeal, Clearwater is entitled to costs as a matter of right. I.A.R. 40(a). The case is remanded for further proceedings consistent with this decision.

Chief Justice BEVAN, and Justices BRODY, MOELLER and ZAHN CONCUR.